UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NAVJEET SINGH BANGA,

    Plaintiff,

    v.

CHRIS GUS KANIOS, et al.,

    Defendants.

Case No. 16-cv-04270-RS

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND**

## I. INTRODUCTION

Defendants Chris Gus Kanios, Dean Barbieri, Eleanor Armstrong, Debra Bean, John F. Kennedy University, and National University (collectively, "defendants") move to dismiss *pro se* plaintiff Navjeet Singh Banga's claims against them.[1]  Banga raises a host of claims related to his attendance at and dismissal from John F. Kennedy University ("JFKU") Law School.  Pursuant to Civil Local Rule 7-1(b), defendants' motions are suitable for disposition without oral argument, and the hearing set for December 29, 2016, is vacated.  For the following reasons, defendants' motions are granted, and Banga's claims are dismissed.

## II. BACKGROUND

Banga enrolled at JFKU law school in 2015 and requested accommodations for his disabilities from the school's Office of Accessibility Services ("OAS") shortly thereafter.  The OAS approved his request and allowed him to take exams in OAS rooms.[2]  Banga alleges his

---

[1] The caption of Banga's first amended complaint also names Dr. David W. Andrew as a defendant.  The complaint does not otherwise mention Andrew or elaborate on his liability, and there is no indication he has been served.  Accordingly, Andrew is dismissed as a defendant.

[2] Defendants' motions to dismiss include as an attachment the disability accommodation letter JFKU issued to Banga.  Defendants now move to seal the letter because it contains private health information.  Defendants' motions to seal are granted.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (information "traditionally kept secret" is subject

classmates became aware of his disability and subjected him to distressing questions about his disability because of the central location of those rooms.  Banga also alleges the central location subjected him to distracting noise during exams, adversely affecting his grades and ultimately leading to his dismissal.  Banga complained about the rooms during and after his exams, but the OAS allegedly refused to make other accommodations, even though JFKU's Course Catalog listed a "reduced distraction environment" among accommodations available to disabled students.  First Am. Compl. ¶ 17.  Banga further alleges JFKU staff responded to his complaints with apathy, anger, and threats.

Although Banga received a Notice of Disqualification from JFKU on July 2, 2016, he continued to attend summer classes after a student adviser allegedly sent him an e-mail telling him to do so.  He learned of his dismissal from JFKU on July 23, when he did not appear on the roster for a class in which he believed he was enrolled.  On July 26, Banga attempted to hand-deliver a petition to continue as a student to the JFKU President's Office but was rebuffed.  On July 28, Banga filed this case, alleging discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Unruh Act.  He also asserts claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, and for breach of contract, fraud, and intentional infliction of emotional distress.

Defendants moved to dismiss Banga's complaint on September 7, 2016.  In response, Banga filed a first amended complaint, adding a claim that defendants violated his right to due process under the Fourteenth Amendment.  Accordingly, the first motion to dismiss was denied without prejudice as moot.  Now, defendants move to dismiss the first amended complaint under Federal Rule of Civil Procedure 12(b)(6).[3]

---

to seal); Civ. Local R. 79-5(b).

[3] Banga has not opposed defendants' motion.  Instead, on November 22, more than a week after his deadline to file a response passed, he filed a motion to extend his time to file a response so he could seek legal assistance.  Although the motion is styled as seeking a 30-day extension, it actually seeks to move the deadline to January 29, 2017, nearly three months after the original deadline and one month after the motion's scheduled hearing date.  While Banga's need to consult legal counsel as a *pro se* plaintiff is important, he does not explain why he did not request an

### III. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations are not required," but a complaint must provide sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). Federal Rule of Civil Procedure 12(b)(6) provides a mechanism to test the legal sufficiency of the averments in a complaint. Dismissal is appropriate when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint in whole or in part is subject to dismissal if it lacks a cognizable legal theory or the complaint does not include sufficient facts to support a plausible claim under a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating a complaint, the court must accept all its material allegations as true and construe them in the light most favorable to the non-moving party. *Iqbal*, 556 U.S. at 678. The Court, however, is not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (citation omitted). Legal conclusions need not be accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. When a plaintiff has failed to state a claim upon which relief can be granted, leave to amend should be granted unless "the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (citation and internal quotation marks omitted).

///

///

---

extension before the response deadline passed, or why his neglect to do so is excusable. Fed. R. Civ. P. 6(b)(1)(B). Consequently, his motion to extend the deadline is denied. That said, as noted in this order, Banga will have an opportunity to file an amended complaint consistent with the factors described above.

## IV. DISCUSSION[4]

### A. Discrimination

Banga's first claim alleges all defendants discriminated against him on the basis of his disability in violation of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a),[5] and Title III of the ADA, 42 U.S.C. § 12182. As an initial matter, Kanios, Barbieri, Armstrong, and Bean argue individuals cannot be held liable for violations of the ADA.[6] An individual "operator" of a public accommodation, however, can be held liable under the ADA. *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 849 (9th Cir. 2004). "'[T]o operate' means 'to put or keep in operation,' 'to control or direct the functioning of,' or 'to conduct the affairs of; manage.' *Id.* (quoting *Neff v. Am. Dairy Queen Corp.*, 58 F.3d 1063, 1066 (5th Cir.1995). "[T]he operator requirement retains accountability *for those in a position to ensure nondiscrimination.*" *Id.* (citation and internal quotation marks omitted). Banga alleges the individual defendants were, respectively, Associate Dean, Dean, Disability Services Director, and President of JFKU. In so doing, he sufficiently alleges they were operators in a position to ensure nondiscrimination, and thus can be held individually liable under the ADA.[7] To state a claim for discrimination under the

---

[4] NU argues Banga has not alleged sufficient facts to allow it to be held vicariously liable for any of his claims. Evidence of control and apparent or applied authority can establish an agency relationship sufficient to create vicarious liability. *See Ward v. Mgmt. Analysis Co. Emp. Disability Ben. Plan*, 135 F.3d 1276, 1284 (9th Cir.1998), *rev'd in part on other grounds sub nom. UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358 (1999); *Doe v. John F Kennedy Univ.*, No. C-13-01137 DMR, 2013 WL 4565061, at *6 (N.D. Cal. Aug. 27, 2013) (citing *Ward*, 135 F.3d at 1284). Here, Banga alleges NU is JFKU's parent company and that the two share a single Board of Trustees. These allegations, while limited, imply control and authority sufficient to suggest the existence of an agency relationship between NU and JFKU, and thus NU can be held vicariously liable for JFKU's acts.

[5] Banga's fifth claim separately alleges a violation of 29 U.S.C. § 794(a), which codifies section 504(a) of the Rehabilitation Act of 1973. Because it is duplicative of his first claim under section 504 of the Rehabilitation Act, Banga's claim under 29 U.S.C. § 794(a) is dismissed.

[6] Defendants argue individuals cannot be held liable under Title II of the ADA. Title II, however, prohibits discrimination by public entities. 42 U.S.C. §§ 12131-12132. Title III, meanwhile, prohibits discrimination by public accommodations, including private educational institutions. *See id.* §§ 12181-12182. It is the pertinent Title here.

[7] Defendants also contend there can be no individual liability under the Rehabilitation Act, but point to no authority indicating operators of a public accommodation receiving federal funds

Rehabilitation Act or the ADA, a plaintiff must allege: (1) he is disabled; (2) he is qualified to remain a student at the institution; (3) the institution took adverse education action against the plaintiff because of his disability; and (4) the institution receives federal financial assistance (for the Rehabilitation Act claim) or is a public entity (for the ADA). *See Zukle*, 166 F.3d at 1045 (9th Cir. 1999). A disabled person is otherwise qualified to participate in a program if he shows he can meet the program's necessary requirements with reasonable accommodation. *Id.* at 1046 (citation omitted). An ADA plaintiff must show "the existence of a reasonable accommodation that would enable [him] to meet the educational institution's essential eligibility requirements." *Id.* at 1047.

Here, Banga alleges defendants discriminated against him by failing to provide him with the exam room of his choice, thereby depriving him of the reduced-distraction environment necessary to accommodate his "well-documented disabilities." As a result, he claims he performed worse on his exams than he otherwise would have. Because Banga fails to allege clearly the nature of his disability, it is not possible to determine if his preferred exam rooms would have accommodated his disability such that he would be a qualified individual for the purposes of the ADA. Banga's failure to allege any relevant characteristics of his preferred exam room also frustrates any attempt to determine the existence of an accommodation. Thus, Banga has failed to plead his disability or qualifications sufficiently to state a claim under the ADA. His discrimination claim is therefore dismissed.

### B. Retaliation

Banga also alleges defendants retaliated against him when Barbieri threatened to bring charges against him under the JFK University Student Code of Conduct after Banga complained about defendants' alleged discrimination. Section 12203(b) of the ADA prohibits retaliatory threats against an individual for exercising his rights under the act. The Ninth Circuit borrows its standard for retaliation under the ADA from Title VII of the Civil Rights Act. *See T.B. ex rel.*

---

cannot face liability. Thus, vicarious liability is permitted. *See Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (citations omitted) ("There is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act.").

United States District Court
Northern District of California

*Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015) (citations omitted). To state a claim for retaliation, a plaintiff must allege "(a) that he or she was engaged in protected activity, (b) that he or she suffered an adverse action, and (c) that there was a causal link between the two." *Id.* (citation and internal quotations marks omitted). The causal link between the protected activity and the adverse action must be "proved according to traditional principles of but-for causation." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013).

Here, Banga engaged in a protected activity when he requested an accommodation for his disability in the fall of 2015. The retaliation Banga alleges, however, occurred not in response to his request for an accommodation, but to accusations of racism he lodged against JFKU staff. Banga claims that, after accusing the staff of racism, Barbieri threatened him by noting the accusations might violate JFKU's code of student conduct. Even if Barbieri's statement amounts to a threat and qualifies as an adverse action,[8] Banga's complaint does not link the statement to his request for accommodation under the ADA; he links it to his accusations of racism. Thus, he alleges no causal link between any activity protected under the ADA and the alleged adverse action, and has failed to state a claim for retaliation under the ADA or the Rehabilitation Act. Accordingly, his retaliation claims are dismissed.

### C.  The Unruh Act

Banga similarly alleges defendants discriminated against him in violation of California's Unruh Civil Rights Act.[9] *See* Cal. Civ. Code § 51 *et seq.* Like the ADA, the Unruh Act prohibits discrimination by public accommodations based on disability. *Id.* § 51(b). A plaintiff can prove a violation of the Unruh Act by proving a violation of the ADA, intentional or not. *See Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 664-65 (2009). If no ADA claim underlies an Unruh Act claim,

---

[8] Anti-retaliation provisions under Title VII prohibit a broader range of adverse actions than discrimination provisions. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006) Materially adverse action must nevertheless "deter a reasonable employee from complaining about discrimination," to amount to retaliation. *Id.* at 69.

[9] Banga also brings a retaliation claim under the Unruh Act, but the Act does not create a separate cause of action for retaliation. Consequently, that claim is dismissed.

however, the plaintiff must prove intentional discrimination. *See id.* Because Banga has failed to state a claim under the ADA, *see supra* Part IV.A., he must plead facts showing defendants intended to discriminate against him. As in his ADA claim, the crux of Banga's Unruh Act claim is that defendants failed to provide his requested accommodation — allowing him to take his exams in his preferred room. To suggest discrimination, Banga alleges similarly disabled classmates were allowed to use that room for exams. His complaint alleges, however, that it was a scheduling issue that prevented defendants from allowing him use of the room. Because a scheduling issue does not amount to intentional discrimination, Banga fails to allege intentional discrimination and his Unruh Act claim is dismissed.

### D.  Due Process

Banga brings his next claim under 42 U.S.C. § 1983, alleging defendants deprived him of procedural due process in violation of the Fourteenth Amendment. To state a claim under § 1983, a plaintiff must allege the violation of a Constitutional right and show the person who allegedly deprived him of that right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Banga alleges no facts to suggest state law empowered any defendant. Even where a private school receives government benefits, it is generally not a state actor for the purposes of § 1983. *See Furumoto v. Lyman*, 362 F. Supp. 1267, 1278 (N.D. Cal. 1973). Indeed, the first amended complaint avers that both JFKU and National University are private institutions. Accordingly, § 1983 does not apply, and Banga's due process claim is dismissed.

### E.  UCL Claim

Banga also brings a claim under California's UCL, which prohibits unlawful, unfair, or fraudulent business acts or practices. Cal. Bus. & Prof. Code § 17200 *et seq.* Banga does not specify under which of the three prongs of the UCL he proceeds. Nonetheless, because his claim is premised on alleged misrepresentations, he must allege actual reliance and injury to have

standing to bring any UCL claim.  *See Backhaut v. Apple, Inc.* 74 F. Supp. 3d 1033, 1047-48 (N.D. Cal. 2014) (citations omitted).  Banga alleges several statements from JFKU's General and Law School Catalogs are false and requests tuition reimbursement.  Thus, he must plausibly plead facts to show he relied on those statements when he paid his tuition.  *See id*.  Banga says nothing about whether he was familiar with JFKU's policies and handbook when he paid his tuition or what factors led him to enroll at JFKU.  Thus, he fails to allege reliance and fails to establish standing under the UCL.  His UCL claim is therefore dismissed.

### F.  Breach of Contract

Banga next claims statements in JFKU's General and Law School Catalogs created a contract between him and JFKU, and that JFKU breached the contract by failing to follow the procedures outlined in the catalogs when dismissing him.  To assert a claim for breach of contract under California law a plaintiff must show: "(1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff."  *Walsh v. W. Valley Mission Cmty. Coll. Dist.*, 66 Cal. App . 4th 1532, 1545 (1998) (citation omitted).  Defendants argue no contract ever existed between Banga and JFKU.

The existence of an enforceable contract is an essential element to a claim for breach.  *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).  A private university student handbook can constitute a contract between a student and an institution, provided it includes language to that effect.  *See Dauven v. George Fox Univ*., No. CV. 09–305–PK, 2010 WL 6089077, at *17 (D. Or. Dec. 3, 2010) (finding a student handbook was an enforceable contract where it contained language indicating that it established a contract, including an "Agreement Contract" requiring students to read, sign, and abide by the guidelines contained within the handbook).  Here, by contrast, Banga cites no specific language from the catalogs that caused him to believe they created a contract between himself and JFKU.  Banga attaches only two pages from an appendix to the Law School Catalog to his amended complaint.  Because Banga does not point to any language creating an enforceable contract between himself and JFKU, he fails to plead the existence of a contract.  Consequently, his claim for breach of contract is dismissed.

### G. Fraud

Banga next alleges defendants defrauded him by publishing the General and Law School Catalogs and then failing to comply with the procedures described therein. Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Under California law, "the elements of fraud are (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage." *Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 960 (9th Cir. 2013) (citation omitted). Banga asserts the catalogs misrepresented how the school dismisses academically troubled students. His complaint, however, fails to plead the four other elements of fraud, let alone with the particularity Rule 9(b) requires. Banga does not allege facts showing JFKU knew the catalogs' statements were false or that JFKU made the statements to defraud students out of their tuition. Moreover, he does not allege he relied — let alone justifiably — on the catalogs when he paid his tuition. Given that the General Catalog explicitly warned law students against reliance, it is unlikely he could plausibly plead justifiable reliance. Finally, Banga claims the misrepresentations caused him "monetary damages, loss of professional and employment opportunities, and medical expenses due to physical and emotional distress." Banga's allegations do not indicate how these damages resulted from defendants' alleged misrepresentations. Banga therefore fails to state a claim for fraud, and his claim is dismissed.

### H. Intentional Infliction of Emotional Distress

Banga's next claim is that, as a result of his struggles to complete his exams without accommodation, and as a result of other students discovering his disability, he has suffered severe emotional distress. To state a claim for intentional infliction of emotional distress, a plaintiff must show: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (citations and internal quotation marks omitted). A defendant's conduct must be "intended to

inflict injury or engaged in with the realization that injury will result." *Id.* Conduct is outrageous when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (citations and internal quotation marks omitted).

Banga claims defendants "failed to take any reasonable steps to prevent the conduct complained of" and failed to follow JFKU's appeal process. First Am. Compl. ¶¶ 137, 139. Without alleging any further facts, he concludes defendants' actions "were outrageous and severe, and were calculated to lead to [his] degradation, embarrassment, and humiliations." *Id.* ¶ 140. Because "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, Banga fails to state a claim for intentional infliction of emotional distress, and his claim is dismissed.

### I. Punitive Damages

Banga's final claim repeats his previous claims and asks for punitive damages under California Civil Code section 3294. Section 3294(a) entitles a plaintiff to punitive damages when the defendant has committed a tort besides breach of contract with oppression, fraud, or malice. Because Banga has otherwise failed to state a claim, he cannot recover punitive damages. *See Brown v. Adidas Int.*, 938 F. Supp. 628, 635 (S.D. Cal. 1996). His claim is therefore dismissed.

### V. CONCLUSION

Defendants' motion to dismiss is granted, and Banga's claims are dismissed with leave to amend. Any amended complaint shall be filed by January 4, 2017. Should Banga require more time than this in order to seek legal assistance, he must notify the Court prior to January 4 and specifically indicate how much more time he needs and why.

**IT IS SO ORDERED**.

Dated: December 14, 2016

RICHARD SEEBORG
United States District Judge

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
CASE NO. 16-cv-04270-RS

10