UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVJEET SINGH BANGA,<br>Plaintiff,<br>v.<br>CHRIS GUS KANIOS, et al.,<br>Defendants. | Case No. 16-cv-04270-RS (DMR)<br><br>**ORDER ON DISCOVERY LETTER BRIEFS**<br>Re: Dkt. Nos. 253, 254 |

Pro se Plaintiff Navjeet Singh Banga filed a unilateral discovery letter brief on December 9, 2019. [Docket No. 253.] Defendants filed a unilateral discovery letter brief in response. [Docket No. 254.] The issues raised in the parties' letters are suitable for resolution without a hearing. Civ. L.R. 7-1(b).

I.  **BACKGROUND**

The issues raised in the parties' unilateral discovery letter briefs overlap with the court's orders in three discovery hearings held in November and December 2019. Accordingly, the following is a summary of the relevant portions of those orders.

The court held a discovery hearing on November 26, 2019 on the parties' unilateral discovery letter briefs regarding their disputes about deposition scheduling and the subjects for Plaintiff's Rule 30(b)(6) depositions of Defendants National University and John F. Kennedy University ("JFKU"). [*See* Docket Nos. 238, 243, 246, 248 (Nov. 26 Minute Order).] At the hearing, the court ordered Plaintiff and defense counsel to appear in person at the Oakland courthouse on December 4, 2019 to meet and confer regarding Plaintiff's depositions of National University and JFKU, and ordered Plaintiff to "identify the subjects for these depositions with sufficient particularity so that Defendants may identify the relevant individuals to testify." Nov. 26 Minute Order. Given the approaching December 6, 2019 discovery cutoff, and noting that

Plaintiff was responsible in part for the delays in scheduling the depositions and that he should have been deposed "months ago," the court also set a schedule for Plaintiff's deposition and the depositions of five defense witnesses. In relevant part, the court ordered Plaintiff's depositions of Defendants Gus Kanios, Dean Barbieri, Eleanor Armstrong, Debra Bean, and defense witness Doreen Alfaro to take place on separate days on the following dates: December 6, 9, 10, 11, and 13, 2019. The court ordered the parties to "make their best efforts to have both the individual and [person most knowledgeable, "PMK"] portions of the depositions of these witnesses occur on the designated date for each witness." *Id*. Finally, the court noted that the discovery cutoff was December 6, 2019, which was less than two weeks away, and that the Honorable Richard Seeborg had authorized her to extend the deadline for limited purposes as appropriate. Therefore, the court extended the December 6, 2019 discovery cutoff "solely for the purpose of completing the depositions of these five individuals in their individual and PMK capacities." *Id*.

On December 4, 2019, the court held an emergency discovery hearing during the parties' court-ordered meet and confer regarding the Rule 30(b)(6) depositions of National University and JFKU. [Docket No. 250 (Dec. 4 Minute Order).] At the hearing, the court granted Defendant Debra Bean permission to appear by telephone for her deposition on December 6, 2019, and ordered the parties to meet and confer regarding the locations of the depositions of the remaining witnesses. The court also ordered that the depositions must take place within the Northern District of California. Finally, after Plaintiff stated that there were outstanding disputes about his Rule 30(b)(6) deposition topics, the court ordered the parties to file any joint letter regarding that subject by December 9, 2019. *Id*.

The court held a third discovery hearing on December 5, 2019 on two joint discovery letter briefs and Plaintiff's motion to quash various subpoenas. [Docket No. 252 (Dec. 5 Minute Order).] In relevant part, the court granted in part Plaintiff's motion to quash Defendants' subpoena to South of Market Mental Health for Plaintiff's mental health records. The court granted Defendants leave to enforce their subpoena for the time period January 1, 2015 to the present, "as Plaintiff has placed his mental condition at issue in this litigation with respect to both his claimed disability and his claim for emotional distress." *Id*.

On December 9, 2019, Plaintiff filed the present unilateral discovery letter brief in which he challenges the court's ruling on his motion to quash; lists nine topics for his Rule 30(b)(6) depositions of National University and JFKU; and requests permission to notice Defendant Bean's deposition. [Docket No. 253 (Pl.'s Letter).] Defendants filed a response on December 10, 2019. [Docket No. 254 (Defs.' Letter).] The court addresses each issue in turn.

## II. SUBPOENA FOR MENTAL HEALTH RECORDS

Plaintiff first takes issue with the court's December 5, 2019 ruling on his motion to quash Defendants' subpoena for his mental health records, arguing that he "should not be compelled to release [his] psyche [sic] record because [his] mental condition is not at issue." Pl.'s Letter 1. He also argues that Defendants should not have access to his medical records "to re-determine whether [he] was a qualified disabled individual." *Id*. These arguments amount to an improper request for reconsideration of the court's order. Pursuant to Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration of an interlocutory order at any time before judgment. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c).

Here, Plaintiff has not requested leave to file a motion for reconsideration of the court's December 5, 2019 order. He also has not shown that any of the three grounds for reconsideration are present, and instead re-argues the merits of his motion to quash. Accordingly, his request for reconsideration is denied.

## III. RULE 30(B)(6) DEPOSITION TOPICS

Plaintiff next lists nine topics for his Rule 30(b)(6) depositions of National University and JFKU. Pl.'s Letter 2. He does not describe the status of the parties' meet and confer on this subject or explain whether there is any remaining dispute(s) regarding the topics.

3

In response, defense counsel states that Plaintiff failed to meet and confer about the topics, and that after she "made several suggestions as to how the categories could be rephrased to be comprehensible," Plaintiff told her that "he could not agree to anything on December 4 and 'needed to think about it.'" Defs.' Letter 1. Defense counsel states that she advised that "'today is the day' to make the decisions," but that Plaintiff refused to make decisions or agree to categories. *Id*. According to defense counsel, Plaintiff first sent her the list of topics at 6:30 p.m. on December 9, 2019, the same day the parties' joint letter was due, *id*. at 2, which was after two of the depositions had been scheduled to go forward.

On November 26, 2019, the court ordered the parties to meet and confer in the courthouse on December 4, 2019 regarding the 30(b)(6) topics. The court directed Plaintiff to clearly and specifically identify the subjects for the 30(b)(6) depositions to enable Defendants to identify which witness(es) to produce. In fact, defense counsel represented that at the parties' December 4, 2019 meet and confer, she intended to identify the witnesses for each topic once she understood Plaintiff's topics, so that the parties could attempt to coordinate the individual and PMK portions of the depositions to occur on the designated date for each witness. The court ordered the parties to "make their best efforts" to do so. Nov. 26 Minute Order. The court also noted that it was Plaintiff's responsibility to articulate "suitable, appropriate topics" for the depositions and that Plaintiff bore some responsibility for the delay in scheduling the depositions, and warned Plaintiff that if he was "not able to engage in a meaningful way" regarding the subjects, his 30(b)(6) depositions "may not happen." At the emergency discovery hearing on December 4, 2019, Plaintiff advised the court that the Rule 30(b)(6) depositions were still at issue. The court reminded Plaintiff that when she ordered the parties to meet and confer on the scope of the depositions, she had directed Plaintiff to be "clear and specific" about identifying topics that were relevant and proportional before the depositions could go forward and stated that Plaintiff had "one shot" to explain what information he believed he needed so that Defendants could identify which witness(es) to produce for the subjects.

Based on the representations in Defendants' letter, which Plaintiff did not rebut, it appears that Plaintiff did not comply with the court's order to "engage in a meaningful way" with defense

counsel during the court-ordered meet and confer. Plaintiff refused to meet and confer regarding the topics for the depositions and finally proposed topics on the evening that the parties' joint letter was due. Plaintiff's failure to meet and confer in good faith with Defendants on the 30(b)(6) depositions prevented Defendants from coordinating the individual and PMK portions of the depositions to occur on the designated date for each witness, as the court had ordered. At this point, the depositions of the individual witnesses are complete and discovery is closed. Plaintiff has not shown good cause to order Defendants to produce the same witnesses a second time in their capacities as 30(b)(6) witnesses. Accordingly, the court denies Plaintiff's requests to depose National University and JFKU on the topics listed in his letter.

## IV. BEAN'S DEPOSITION

Finally, Plaintiff requests leave to notice Defendant Bean's deposition. At the December 4, 2019 hearing, the court found good cause to permit a telephonic deposition of Bean based on defense counsel's representations to the court that she is located in San Diego, has limited knowledge about the facts at issue in this case, and has limited availability in December. Accordingly, the court ordered her deposition to take place by telephone on December 6, 2019. Dec. 4 Minute Order. In his letter, Plaintiff states that on the evening of December 4, 2019, he "attempted to arrange for a telephonic videoconferencing" for the deposition but "could not locate any court reporter on such a short notice." Pl.'s Letter 2. He then asked defense counsel to reschedule her deposition to December 13, 2019, which she refused. Plaintiff asks the court to "allow [him] to proceed with noticing Debra Bean's deposition." *Id*.

In response, Defendants state that Plaintiff mentioned to defense counsel on December 5, 2019 "that he was having difficulty locating a court reporter who could do a video conference deposition," and that defense counsel "explained that the Court had ordered only a telephonic deposition[ ] and any court reporter could do that without special equipment." Defs.' Letter 2. Counsel further explained that December 6, 2019 was the only date that Bean was available for her deposition, and that counsel was unavailable from December 14, 2019 to January 6, 2020. *Id*.

Plaintiff's request is denied. The court ordered Bean's deposition to take place on December 6, 2019. There appears to be no dispute that Bean was available for her deposition on

5

December 6, 2019 and that Plaintiff failed to depose her. As Plaintiff has not shown good cause for failing to depose Bean on the court-ordered date, his request for leave to take her deposition past the discovery cutoff is denied.[1]

**IT IS SO ORDERED.**

Dated: December 19, 2019



Donna M. Ryu
United States Magistrate Judge

---

[1] Plaintiff also notes in his letter that he had previously "brought to the Court's attention" that Defendants' responses to certain interrogatories "are evasive and incomplete" and that they have failed to respond to other interrogatories, and notes that he disputes the sufficiency of Defendants' responses to his requests for admission ("RFAs"). Pl.'s Letter 2-3. He asks that the court order Defendants to respond to the interrogatories and RFAs. *Id*. at 3. However, the court has already ruled on the parties' disputes about the RFAs, *see* Docket No. 252, and the disputes about Plaintiff's interrogatories remain pending at Docket No. 234. The court declines to enter an order regarding the interrogatories at this time.