UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVJEET SINGH BANGA,<br>Plaintiff,<br>v.<br>CHRIS GUS KANIOS, et al.,<br>Defendants. | Case No. 16-cv-04270-RS (DMR)<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 273 |

Pro se Plaintiff Navjeet Singh Banga filed a motion for an "Order to Show Cause: Why a Contempt Citation Should Not Be Issued Against Defense Attorney Yousaf Jafri." [Docket No. 273.] Defendants oppose the motion, and Plaintiff filed a reply. [Docket Nos. 292, 296.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

**I.  DISCUSSION**

Plaintiff moves for issuance of an order to show cause, arguing that defense counsel Jafri violated the undersigned's December 5, 2019 discovery order as well as Judge Seeborg's January 17, 2020 order denying Plaintiff's motion to amend the complaint. [*See* Docket Nos. 252 (Dec. 5, 2019 Order), 266 (Jan. 17, 2020 Order).] The undersigned construes Plaintiff's submission as a motion for sanctions against Jafri for violation of a court order.

The relevant facts are as follows. In September and October 2019, Defendants issued numerous subpoenas to Plaintiff's former educational institutions, including the University of California, Davis ("UC Davis"). Defendants also subpoenaed South of Market Mental Health, which is Plaintiff's medical provider. The subpoenas seek Plaintiff's academic and mental health records. [Docket No. 292-1 (Jafri Decl., Feb. 28, 2020) ¶¶ 3, 4, Exs. 1, 2.] Plaintiff moved to quash the subpoenas. The court held a hearing on the motion on December 5, 2019. [Docket No.

252 (Minute Order).] In relevant part, the court granted Defendants leave to enforce the subpoena to South of Market Mental Health for Plaintiff's mental health records for the time period January 1, 2015 to the present, finding that "Plaintiff has placed his mental condition at issue in this litigation with respect to both his claimed disability and his claim for emotional distress." *Id*. at 2. As to Plaintiff's academic records, the court narrowed the temporal scope and granted leave to enforce the subpoenas to educational institutions for the time period January 1, 2010 to the present. *Id*.

Defense counsel Jafri subsequently amended Defendants' subpoenas to South of Market Mental Health and the University of California, Davis ("UC Davis") in accordance with the court's order and caused them to be served on the recipients. Jafri Decl. ¶¶ 5, 6, Exs. 3, 4.

On December 9, 2019, Plaintiff filed a unilateral discovery letter brief in which he challenged the court's ruling on his motion to quash, among other things. [Docket No. 253.] Specifically, Plaintiff argued that he "should not be compelled to release [his] psyche [sic] record because [his] mental condition is not at issue." *Id*. at 1. He also argued that Defendants should not have access to his medical records "to re-determine whether [he] was a qualified disabled individual." *Id*. The court denied Plaintiff's request, finding that his arguments amounted to an improper request for reconsideration of the court's December 5, 2019 order. [Docket No. 255.]

On December 30, 2019, Plaintiff filed a motion seeking leave to file a proposed fourth amended complaint. [Docket No. 258.] In a January 17, 2020 order denying the motion, Judge Seeborg noted that the proposed fourth amended complaint was "in all substantive respects identical to the [third amended complaint] except that it removes Banga's claims for intentional misrepresentation, i.e. fraud, and for intentional infliction of emotional distress ('IIED')." [Docket No. 266.] In relevant part, the court held that the proposed amendment was "meaningless" because "[t]he claims which the [fourth amended complaint] purports to delete were already dismissed by the court, without leave to amend, more than two years ago." *Id*. The court also addressed Plaintiff's argument that amendment was necessary "because defendants have discussed his IIED claim during discovery. To the extent that any clarification is necessary that the IIED claim has already been dismissed, this order is sufficient." *Id*. at 1-2.

In the present motion, Plaintiff asserts that there is "clear and convincing evidence" that defense counsel disobeyed court orders in two respects: first, he notes that the undersigned's December 5, 2019 order limited Defendants' subpoenas for his academic records to the time period January 1, 2010 to the present. Plaintiff states that on February 13, 2020, he learned that defense counsel "had obtained [his] scholastic record from UC Davis from July 29, 2002 to the present." [Docket No. 273-1 (Banga Decl., Feb. 14, 2020) ¶ 4.] Second, he states that counsel obtained his "psychiatric record [from South of Market Mental Health] without valid Court order." *Id*. at ¶ 3.

Plaintiff's motion is denied because he has failed to establish that defense counsel disobeyed or failed to comply with the court's orders. Defendants submitted a copy of the amended subpoena served on UC Davis on December 13, 2019. Jafri Decl. Ex. 4. It fully conforms with the December 5, 2019 order and reflects the narrowed timeframe. Although it is unclear why UC Davis produced records outside that timeframe, there is no evidence that defense counsel failed to comply with the court's order. Accordingly, Plaintiff's motion is denied on this basis. However, given the overbreadth of UC Davis's response to the narrowed subpoena, the court orders the following: within five days of the date of this order, Defendants shall provide Plaintiff with all copies in their possession of records produced by UC Davis that fall outside the scope of the subpoena as limited by the court in its December 5, 2019 order. Defendants may not use any such documents as evidence in a motion, at a hearing, or at trial.

The court also finds that defense counsel did not violate court orders by obtaining Plaintiff's mental health records from South of Market Mental Health. The court reviewed the amended subpoena defense counsel served on South of Market Mental Health on December 13, 2019. Jafri Decl. Ex. 3. It too fully conforms with the court's December 5, 2019 order. As discussed above, the court denied Plaintiff's request for reconsideration of that order with respect to the subpoena for mental health records. Therefore, there was nothing improper about Defendants' enforcement of the amended subpoena.

Plaintiff's argument appears to be that Judge Seeborg's order denying Plaintiff's motion for leave to file a fourth amended complaint somehow "nullified" the undersigned's December 5,

1  2019 order granting Defendants permission to enforce the subpoena to South of Market Mental

2  Health with a narrowed timeframe. *See* Pl.'s Mot. 8 ("Mr. Jafri . . . presented them with old orders

3  which was nullified by the January 17's order as to the emotional distress claim."). Not so. Judge

4  Seeborg's January 17, 2020 order did not address or invalidate the undersigned's orders regarding

5  the subpoena for mental health records. The order ruled only on Plaintiff's motion for leave to

6  amend the operative complaint. To the extent Plaintiff contends that Judge Seeborg's clarification

7  that "the IIED claim has already been dismissed" impacts the undersigned's order, Plaintiff is

8  incorrect. The undersigned did not find that Plaintiff's mental health records were discoverable

9  because they were relevant to the dismissed IIED claim. Instead, in ruling on the motion to quash,

10 the undersigned held that "Plaintiff has placed his mental condition at issue in this litigation with

11 respect to **both his claimed disability and his claim for emotional distress**." Minute Order at 2

12 (emphasis added). Both bases remain at issue, as Plaintiff is proceeding on his disability claim

13 and the operative complaint includes a request for monetary damages of $5 million based in part

14 on "injuries to his health." [Docket No. 95 (3d Am. Compl.) Prayer for Relief.] Thus, Plaintiff's

15 mental health records remain relevant and discoverable. Judge Seeborg will determine which

16 mental health records, if any, are admissible.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's motion for an order to show cause is denied.

**IT IS SO ORDERED.**

Dated: April 13, 2020



Donna M. Ryu
United States Magistrate Judge

4