UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVJEET SINGH BANGA,<br><br>             Plaintiff,<br><br>      v.<br><br>CHRIS GUS KANIOS, et al.,<br><br>             Defendants. | Case No. 16-cv-04270-RS (DMR)<br><br>**ORDER ON DEFENDANTS' MOTION FOR AN INDEPENDENT MEDICAL EXAMINATION**<br><br>Re: Dkt. No. 305 |

Defendants filed a unilateral discovery letter in which they move for an order compelling pro se Plaintiff Navjeet Singh Banga to appear for an independent medical examination ("IME") pursuant to Federal Rule of Civil Procedure 35. [Docket No. 305.] Plaintiff opposes the motion. [Docket No. 309.]¹

This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

**I.    DISCUSSION**

Defendants ask the court to order Plaintiff to appear for a Rule 35 mental examination. They argue that Plaintiff has placed his mental condition at issue in this lawsuit because he alleges severe emotional distress as a result of Defendants' alleged conduct, and because he alleges discrimination based on his disability (major depressive disorder and generalized anxiety).

Rule 35 provides that "[t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination" upon a showing of "good cause." Fed. R. Civ. P. 35(a). Rule 35's "in controversy" and "good

---

¹ The parties also filed reply briefs to their unilateral discovery letters. [Docket Nos. 312, 313.] As these submissions were not filed with leave of court, the court declines to consider them.

cause" requirements are not satisfied "by mere conclusory allegations of the pleadings" or "mere relevance to the case"; rather, a moving party must make "an affirmative showing . . . that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). "Rule 35, therefore, requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements . . ." *Id*.

"A mental condition is 'in controversy' when it is itself the subject of the litigation." *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 164 (N.D. Cal. 2013). "Courts typically do not order IMEs when plaintiffs seek 'garden-variety' emotional distress damages." *Id*. Cases have defined "garden variety emotional distress" as "ordinary or commonplace emotional distress" or that which is "simple or usual." *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003). In contrast, "emotional distress that is not garden variety may be complex, such as that resulting in a specific psychiatric disorder." *Id*. (quotation omitted). Plaintiffs claiming emotional distress damages may be required to undergo an IME when one or more of the following factors is present:

> (1) the complaint includes a claim for intentional or negligent infliction of emotional distress; (2) the plaintiff alleges a specific mental or psychiatric injury or disorder; (3) the plaintiff claims unusually severe emotional distress; (4) plaintiff offers expert testimony to support the claim of emotional distress; or (5) the plaintiff concedes that her mental condition is "in controversy" for purposes of Rule 35.

*Gavin*, 291 F.R.D. at 164.

Defendants first argue that an IME is appropriate because Banga seeks damages for severe emotional distress. Although this was a true statement when Defendants requested the IME, it is no longer accurate. The court recently ordered Plaintiff to file a statement to clarify the nature of his emotional distress damages. [Docket No. 315.] In response, Plaintiff now explains that his "claim for emotional distress is basically a 'garden variety' one," that he is not claiming "any type of severe emotional distress as a result of Defendants' conduct," is not claiming any psychiatric disorder or injury caused by Defendants' conduct or "ongoing emotional distress," does not seek

medical expenses or monetary damages for physical and emotional distress or injury, and does not intend to use a medical expert at the trial. [Docket No. 316.]  Under these circumstances, an IME is not appropriate.

Defendants also argue that Banga should undergo an IME because he has placed his mental condition at issue by alleging discrimination based on his disability, which is major depressive disorder and generalized anxiety.  However, Defendants' cited cases do not support that outcome, for they both involved claims of severe emotional injury.  *See Gavin*, 291 F.R.D. at 164 (finding plaintiff had placed her mental condition in controversy where she alleged defendant failed to accommodate her chronic, severe depression and that defendant's conduct "caused her to experience severe adverse mental and physical effects," including multiple hospitalizations and a suicide attempt, and alleged a claim for intentional infliction of emotional distress); *Schoonmaker v. City of Eureka*, No. 17-cv-06749-VC (RMI), 2018 WL 6324808, at *1 (N.D. Cal. Dec. 4, 2018) (finding "good cause to order that Plaintiff to submit to an IME" where she alleged discrimination based on her mental disabilities and alleged a specific psychiatric injury resulting from defendant's conduct).[2]  Moreover, the court previously granted leave to Defendants to enforce a subpoena for Banga's mental health records for the period January 1, 2015 to the present. [Docket No. 252 (Minute Order).]  Those records are sufficient for Defendants to be able to test Banga's allegations regarding the nature of his disability.

## II.    CONCLUSION

For the foregoing reasons, Defendants' motion for a mental examination of Plaintiff is denied.

**IT IS SO ORDERED.**

Dated: April 16, 2020

_____
Donna M. Ryu
United States Magistrate Judge

---

[2] Defendants also cite *Evans v. Baxter Healthcare Corp.*, No. CV 12-04919-WHO (KAW), 2013 WL 3786313, at *1, 3 (N.D. Cal. July 17, 2013), but the issue in that case was discovery of the plaintiff's medical records; it did not involve a request for a Rule 35 IME.

3