UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVJEET SINGH BANGA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHRIS GUS KANIOS, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-04270-RS (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 359 |

　　　The court has reviewed the February 26, 2021 joint discovery letter brief regarding the parties' dispute about the deposition fees for Plaintiff Navjeet Singh Banga's economic damages expert, Sidney P. Blum. [Docket No. 359.] This matter is suitable for determination without a hearing. Civ. L.R. 7-1(b).

**I.　BACKGROUND**

　　　Banga disclosed Blum as an expert witness on July 10, 2020. [Docket No. 335-2 at ECF pp. 3-20 (Expert Disclosure).] The disclosure stated, "Mr. Blum's . . . deposition and trial testimony rate is $750" per hour. *Id*. at ECF p. 4. On July 23, 2020, Banga served Blum's expert report on Defendants. Inexplicably, the report set forth a higher rate for deposition and trial testimony. Blum wrote in his report, "[m]y rate is fixed at $6,500 per day for expert witness deposition and trial testimony," for an effective hourly rate of $928.57. [Docket No. 358-1 (Banga Decl. Feb. 16, 2021) ¶ 6, Ex. C (Report) ¶ 16.]

　　　On January 26, 2021, Banga filed a Motion for the Court's Guidance Regarding Payment of Expert Witness' Deposition Fee and Motion for Protective Order. [Docket No. 352.] In his motion, Banga described the parties' dispute regarding the payment of Blum's deposition fee of $6,500 in advance of his deposition and $2,000 hourly rate should the deposition exceed seven

hours.[1]  He requested a protective order requiring Defendants to pay for Blum's time and costs to comply with their subpoena at his stated flat fee or hourly rate.

Defendants filed an opposition to the motion (Docket No. 355) as well as a unilateral discovery letter brief (Docket No. 354) in which they argued that Blum is not entitled to a flat fee, that the $6,500 daily and $2,000 hourly rates are not reasonable, and that they are not required to pay the fee in advance of the deposition.  Defendants asked the court to order Blum to appear for deposition and set a reasonable hourly rate for Blum's appearance pursuant to Federal Rule of Civil Procedure 26(b)(4)(E).

The court issued an order on the parties' submissions on February 8, 2021.  [Docket No. 357.]  In its order, the court noted the discrepancy in the hourly rates for deposition and trial testimony cited in Banga's July 10, 2020 expert disclosure ($650 per hour for consulting and $750 per hour for testimony) and in Banga's January 26, 2021 motion (daily rate of $6,500 for seven hours plus $2,000 per hour for hours in excess of seven), and noted that there was no explanation for the rate increase in Banga's motion papers.  Accordingly, the court ordered Banga to file a statement "explaining why Blum's hourly rate has drastically increased since the date of Plaintiff's disclosure," including a declaration by Blum addressing the same issue if necessary.  The court ordered the parties to then meet and confer and if disputes remained, to file a joint letter addressing "the amount of Blum's fee for deposition, whether Blum's fee must be paid in advance of his deposition, and whether Blum may be compensated for time spent preparing for his deposition." *Id*.

Banga timely filed a statement regarding Blum's fees along with a declaration by Blum. [Docket Nos. 358, 358-7 (Blum Decl., Feb. 16, 2021).]  The parties filed the instant joint discovery letter on February 26, 2021.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial."  Further,

---

[1] The $2,000 hourly rate was not disclosed in either the expert disclosure or Blum's report.

2

"[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery . . . ." Fed. R. Civ. P. 26(b)(4)(E)(i). "What constitutes a 'reasonable fee' for purposes of Rule 26(b)(4)(C) lies within the Court's sound discretion." *Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 545 (D. Ariz. 1999) (citation omitted).

### III. DISCUSSION

Blum's hourly rate for deposition testimony has been a moving target since Banga initially discussed retaining him as an expert. According to Banga, he contacted Blum to discuss retaining him to serve as an expert witness in this matter in July 2020. Banga Decl. ¶ 3. On July 8, 2020, Blum sent Banga an email notifying Banga that his "deposition costs (fees and out of pocket) . . . are fixed at $5,600 (ie. $800 x 7 hours)," payable by "[t]he other side" in advance of the deposition. Banga Decl. ¶ 3, Ex. A (Docket No. 358-2). However, in his July 10, 2020 expert disclosure, Banga wrote, "Mr. Blum's . . . deposition and trial testimony rate is $750" per hour. According to Banga, the $750 hourly rate was a typographical error and should have been $800 per hour, consistent with the July 8, 2020 email from Blum. Banga Decl. ¶ 4. Then, on July 13, 2020, Banga signed a retention agreement with Blum which contained a different rate for deposition and trial testimony; the agreement states that "[f]or depositions and trials, there is a daily charge of $6,500 that includes up to seven hours of testimony," or $928.57 per hour. Banga Decl. ¶ 5, Ex. B (Retention Agreement). Blum included the $6,500 flat rate for seven hours of deposition testimony in his July 23, 2020 report.

Neither Banga nor Blum provided a clear explanation for the "drastic[ ] increase[ ]" in Blum's fee between the July 10, 2020 disclosure and the July 13, 2020 retainer agreement, other than Banga's statement that the $750 hourly rate was an error and should have been $800. For his part, Blum states that the $800 hourly rate stated in his July 8, 2020 email to Banga was a "sample rate," even though the email states, "[t]he other side pays for my deposition costs (fees and out of pocket) that are fixed at $5,600 (ie. $800 x 7 hours)." It says nothing about a "sample rate." Blum Decl. ¶¶ 1, 2, Ex. A (July 8, 2020 email). Blum also states that he "ha[s] a variety of rates depending on a multitude of items," and that "the higher [his] expected total fees, the lower the

3

hourly rates; and conversely, the lower the expected total billings, the higher [his] hourly rate." Blum Decl. ¶ 4.

The court finds that Blum's unexplained increase from $800 per hour on July 8, 2020 to a $6,500 flat fee or $928.57 per hour less than one week later is unreasonable. Further, a $6,500 flat fee is unreasonable because there must be "some reasonable relationship between the services rendered and the remuneration to which an expert is entitled," and "[b]y its nature, a flat fee runs counter to this principle." *Mannarino v. United States*, 218 F.R.D. 372, 374 (E.D.N.Y. 2003) (quoting *Anthony v. Abbott Labs.*, 106 F.R.D. 461, 464 (D.R.I. 1985)). Banga and Blum are bound by the $800 hourly rate stated in Blum's July 8, 2020 email. Moreover, the court concludes that an $800 hourly rate, rather than a $5600 flat fee, is reasonable. The case is not complex, the deposition will be conducted remotely with no travel involved, and the deposition will likely only take several hours rather than a whole day. As to the rate itself, Defendants have failed to show that an $800 hourly rate is not a reasonable hourly rate under Rule 26(b)(4)(E)(i); the only record they present in support of their argument is the fact that Defendants' own economic damages expert charges $375 per hour. This sole fact does not establish that the $800 rate is per se unreasonable. Based on the court's experience, rates can fluctuate a good deal depending on the quality and type of expert. Without more of a record to go on, the court cannot say that an $800 hourly rate for an economic damage expert in an employment case in this district is unreasonable on its face.

Given Banga's initial incorrect representation that Blum's hourly rate was only $750, the court finds that Defendants shall pay only $750 of Blum's hourly fee, and that Banga shall pay the remaining $50 per hour, for a total of $800 per hour. The parties shall immediately meet and confer to select a date for Blum's deposition to take place by videoconference. Defendants and Banga shall pay Blum for three hours of testimony at the $800 hourly rate at least 72 hours in advance of the deposition date. Blum shall be paid $800 per hour for any hours in excess of three, up to seven hours total. Defendants and Banga must pay Blum for the additional hours within 24 hours of the completion of his deposition.

## IV. CONCLUSION

For the foregoing reasons, the court finds that Blum shall be paid the reasonable hourly fee of $800 per hour for deposition testimony. Defendants are responsible for $750 of the $800 per hour, and Banga shall pay the remaining $50 per hour.

**IT IS SO ORDERED.**

Dated: March 24, 2021



Donna M. Ryu
United States Magistrate Judge