UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVJEET SINGH BANGA,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS GUS KANIOS, et al.,<br><br>Defendants. | Case No. 16-cv-04270-RS (DMR)<br><br>**ORDER ON UNILATERAL DISCOVERY LETTER RE: PLAINTIFF'S EXPERT'S DEPOSITION**<br><br>Re: Dkt. No. 387 |

The court has received Defendants' unilateral discovery letter regarding the deposition of Plaintiff Navjeet Singh Banga's economic damages expert Sidney Blum. [Docket No. 387.] This matter is suitable for determination without a hearing. Civ. L.R. 7-1(b).

## I.   BACKGROUND

Banga disclosed Blum as an expert witness on July 10, 2020. [Docket No. 335-2 at ECF pp. 3-20 (Expert Disclosure).] On January 26, 2021, Banga filed a Motion for the Court's Guidance Regarding Payment of Expert Witness' Deposition Fee and Motion for Protective Order. [Docket No. 352.] In his motion, Banga described the parties' dispute regarding the payment of Blum's deposition fee of $6,500 in advance of his deposition and $2,000 hourly rate should the deposition exceed seven hours. He requested a protective order requiring Defendants to pay Blum's stated flat fee or hourly rate in advance of any deposition. He also requested a protective order requiring Defendants to pay Blum $450 "for time spent in responding to Defendants' subpoena." *Id*. at 7-8 ("Mr. Blum has notified that he requires $450 in responding to Defendants' subpoena.").

Defendants filed an opposition to the motion and a unilateral discovery letter brief in which they argued that Blum is not entitled to a flat fee, that the $6,500 daily and $2,000 hourly rates are not reasonable, that they are not required to pay the fee in advance of the deposition, and

1    that Blum is not entitled to fees for deposition preparation, including time spent responding to
2    their subpoena.  [Docket Nos. 354, 355.]  Defendants asked the court to order Blum to appear for
3    deposition and set a reasonable hourly rate for Blum's appearance pursuant to Federal Rule of
4    Civil Procedure 26(b)(4)(E).

5    The court issued an order on the parties' submissions on February 8, 2021.  [Docket No.
6    357.]  In its order, the court noted the discrepancy in the hourly rates for deposition and trial
7    testimony cited in Banga's July 10, 2020 expert disclosure and in Banga's January 26, 2021
8    motion and noted that there was no explanation for the rate increase in Banga's motion papers.
9    Accordingly, the court ordered Banga to file a statement explaining why Blum's hourly rate had
10   increased since the date of the disclosure, including a declaration by Blum addressing the same
11   issue if necessary.  The court ordered the parties to then meet and confer and if disputes remained,
12   to file a joint letter addressing "the amount of Blum's fee for deposition, whether Blum's fee must
13   be paid in advance of his deposition, and whether Blum may be compensated for time spent
14   preparing for his deposition."  *Id*.

15   Banga timely filed a statement regarding Blum's fees along with a declaration by Blum.
16   [Docket Nos. 358, 358-7 (Blum Decl., Feb. 16, 2021).]  Although Blum's declaration is silent as
17   to any hourly rate for responding to a subpoena, his retention agreement with Banga states, "[i]n
18   the event We are required to respond to a subpoena (e.g., producing documents in Our possession,
19   providing testimony, cooperating with You, etc.) related to this engagement . . ., We will invoice
20   you at $450 an hour."  [Docket No. 358-3.]

21   The parties filed a joint discovery letter on February 26, 2021.  [Docket No. 359.]
22   Inexplicably, the parties' letter did not include their dispute about whether Blum must be
23   compensated for time spent to comply with the subpoena.  The court issued an order on the
24   parties' joint letter on March 24, 2021.  The court held that Blum is entitled to $800 per hour for
25   deposition testimony; that Defendants and Banga must share the cost of Blum's hourly fee ($750
26   payable by Defendants; $50 payable by Banga); that Defendants and Banga must pay Blum for
27   three hours of testimony at the $800 hourly rate at least 72 hours in advance; and that Blum shall
28   be paid $800 per hour for any hours in excess of three, up to seven hours total.  [Docket No. 371.]

1  As the parties did not raise the issue of Blum's fees for complying with the subpoena in the letter,
2  the court did not rule on that issue.
3        The parties scheduled Blum's deposition for April 8, 2021 and Defendants served a notice
4  and subpoena for his appearance and production of documents.  Letter 2.  Defendants state that
5  they sent Blum their portion of the fees in advance of the deposition, pursuant to the court's order.
6  Banga produced Blum's responsive documents to Defendants via email on April 7, 2021.  *Id*.
7  After one hour of testimony on April 8, 2021, Banga and Blum abandoned the deposition on the
8  ground that Blum had spent two hours responding to Defendants' document subpoena and one
9  hour testifying and that "the prepaid amount ha[d] been used up."  [Docket No. 387-1 (Adelman
10 Decl., Apr. 27, 2021) ¶ 5, Ex. 2 (Blum Dep.) 37-38.]  Despite the claim that Blum spent two hours
11 responding to the subpoena, Banga sent defense counsel an invoice from Blum on April 9, 2021
12 for 1.4 hours of time at the hourly rate of $800 for the following tasks: "read fourth amended
13 notice of depositon [sic] and prepare response, mostly related to emails," "call with Banga to
14 discuss document production," and "send documents to Banga."  Adelman Decl. Ex. 3.
15 Defendants state that they offered to pay Blum $450 for his time spent responding to the subpoena
16 (which was the amount Banga previously requested in his administrative motion) but that Banga
17 and Blum refused.  Letter 2.
18       Defendants now move to compel Blum to appear for an additional seven hours of
19 deposition, or in the alternative, to exclude Blum from testifying altogether.  They also move for
20 an order compelling Banga and Blum "to produce all communications between them relating to
21 compensation and those where Plaintiff provided Blum with facts, data, or assumptions he relied
22 upon in forming opinions," arguing that Banga and/or Blum have failed to produce discoverable
23 documents.  *Id*. at 2-3; Adelman Decl. Ex. 1 at 2 (email from Banga stating, "many documents I
24 received are attorney privileged documents so the production you have received is not all the
25 information that Mr Blum processed").
26       The parties created this problem themselves.  The court ordered them to submit a joint
27 letter regarding all remaining disputes related to Blum's deposition, including any fees for
28 responding to the subpoena, but they failed to do so.  Although the only submission before the

court is Defendants' unilateral letter, the court has enough information from the parties' prior filings to rule on the dispute about whether Blum must provide additional testimony. The court orders the following: Blum has already appeared for one hour of his deposition. Defendants are entitled to up to an additional six hours of testimony by Blum, payable at the previously-ordered rate for deposition testimony of $800 per hour ($750 payable by Defendants; $50 payable by Banga). As Defendants have already paid their share for three hours of deposition testimony, Blum must provide two hours of deposition testimony **at no additional charge**. Blum must also provide up to an additional four hours of deposition testimony upon Defendants' request; Blum's $800 hourly fee for such testimony is payable by Defendants and Banga within 24 hours of the completion of his deposition, as previously ordered. The parties shall immediately meet and confer to select a date for Blum's deposition to take place by videoconference. The deposition shall take place by no later than May 28, 2021. At least 72 hours in advance of the deposition, Defendants shall pay Blum the flat fee of $450 for all of the time he spent responding to their subpoena, which is the amount Banga previously requested in his administrative motion.

Defendants' request for an order compelling Banga and Blum to produce additional documents is a newly raised issue. They claim that Banga is withholding responsive documents based on the attorney-client privilege. The court does not know whether this is an accurate statement of Banga's position, but if it is, it is unclear how that privilege applies here. The parties shall immediately meet and confer regarding Banga and Blum's production of documents in response to Defendants' subpoena to Blum. If disputes remain after meeting and conferring, the parties shall submit a joint letter in accordance with the undersigned's Standing Order by no later than May 11, 2021.

Defendants' remaining requests are denied.

**IT IS SO ORDERED.**

Dated: May 4, 2021



Donna M. Ryu
United States Magistrate Judge

4