UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVJEET SINGH BANGA,<br>Plaintiff,<br>v.<br>CHRIS GUS KANIOS, et al.,<br>Defendants. | Case No. 16-cv-04270-RS (DMR)<br><br>**ORDER ON MAY 11, 2021 JOINT DISCOVERY LETTER**<br>Re: Dkt. No. 395 |

The court has reviewed the parties' May 11, 2021 joint discovery letter regarding the deposition of Plaintiff Navjeet Singh Banga's economic damages expert Sidney Blum. [Docket No. 395 (Jt. Letter).] This matter is suitable for determination without a hearing. Civ. L.R. 7-1(b).

## I. BACKGROUND

This is the third dispute regarding Blum's deposition. The court described the parties' dispute regarding Blum in a previous order and summarizes the relevant background here. [*See* Docket No. 389 (May 4, 2021 Order).] In January 2021, Banga filed a motion in which he requested a protective order requiring Defendants to pay Blum's deposition fee of $6,500 in advance of his deposition and a $2,000 hourly rate should the deposition exceed seven hours, and to pay Blum $450 "for time spent in responding to Defendants' subpoena." [Docket No. 352.] Banga did not request an order requiring Defendants to pay Blum for preparation time; instead, he wrote that Blum's rate "includes his preparation time and testimony." *Id*. at 3 n.1. Defendants objected, arguing that Blum is not entitled to a flat fee, that the $6,500 daily and $2,000 hourly rates are not reasonable, that they are not required to pay the fee in advance of the deposition, and that Blum is not entitled to fees for deposition preparation, including time spent responding to their subpoena. [Docket Nos. 354, 355.]

The rates sought by Banga appeared to exceed what Banga had represented to Defendants

at an earlier time. For that reason, on February 8, 2021, the court ordered Banga to file a statement explaining why Blum's hourly rate had increased since the July 10, 2020 expert disclosure date, as well as a declaration by Blum addressing the same issue if necessary. [Docket No. 357.] The court ordered the parties to then meet and confer and to file a joint letter addressing any remaining disputes about the issues identified to the court, namely "the amount of Blum's fee for deposition, whether Blum's fee must be paid in advance of his deposition, and whether Blum may be compensated for time spent preparing for his deposition." *Id*. Banga timely filed a statement and declaration by Blum, and the parties filed a joint discovery letter on February 26, 2021. [Docket Nos. 358, 359.]

The February 26, 2021 joint letter did not identify any dispute about compensation for Blum's prep time or time spent complying with the subpoena. For that reason, the court did not address those issues. On March 24, 2021, the court held that Blum is entitled to $800 per hour for deposition testimony; that Defendants and Banga must share the cost of Blum's hourly fee ($750 payable by Defendants; $50 payable by Banga); that Defendants and Banga must pay Blum for three hours of testimony at the $800 hourly rate at least 72 hours in advance; and that Blum shall be paid $800 per hour for any hours in excess of three, up to seven hours total. [Docket No. 371.]

The parties scheduled Blum's deposition for April 8, 2021. Banga and Blum abandoned the deposition after one hour of testimony on the ground that Blum had spent two hours responding to Defendants' document subpoena and one hour testifying and that "the prepaid amount ha[d] been used up." [Docket No. 387-1 (Adelman Decl., Apr. 27, 2021) ¶ 5, Ex. 2 (Blum Dep.) 37-38.] Banga subsequently sent defense counsel an invoice from Blum for 1.4 hours of time at the hourly rate of $800 for tasks related to producing documents to Defendants. Adelman Decl. Ex. 3.

Defendants filed a unilateral discovery letter on April 27, 2021 in which they moved to compel Blum to appear for an additional seven hours of deposition, or in the alternative, to exclude Blum from testifying altogether. [Docket No. 387.] They also moved for an order compelling Banga and Blum "to produce all communications between them relating to compensation and those where Plaintiff provided Blum with facts, data, or assumptions he relied

2

upon in forming opinions," arguing that Banga and/or Blum have failed to produce discoverable documents. *Id.* at 2-3.

The court issued an order on Defendants' letter on May 4, 2021 in which it discussed the parties' failure to raise any dispute about Blum's fees for responding to Defendants' subpoena in their first joint letter about Blum's deposition. [Docket No. 389 (May 4, 2021 Order).] However, the record already contained the relevant facts needed to decide the subpoena issue, because Banga's earlier motion stated that Blum's fee for responding to the subpoena was $450. The court ordered Blum to provide (1) two hours of deposition testimony at no additional charge, since Defendants had already paid their share of Blum's $800 hourly rate for three hours of deposition testimony; and (2) up to an additional four hours of deposition testimony upon Defendants' request at the same $800 hourly rate, payable by Defendants and Banga within 24 hours of the completion of his deposition as previously ordered. The court also ordered Defendants to pay Blum the flat fee of $450 for time spent responding to their subpoena, the amount Banga previously requested in his administrative motion. *Id.* at 4. This amount was due 72 hours in advance of the deposition.

Defendants' April 27, 2021 letter also requested an order compelling Banga and Blum to produce additional documents. The court remarked that this was yet again a newly raised issue. The court noted that to the extent Banga is withholding responsive documents based on the attorney-client privilege, as suggested by Defendants, "it is unclear how that privilege applies here." The parties were ordered to meet and confer about Banga and Blum's production of documents in response to Defendants' subpoena to Blum, and to file any joint letter by May 11, 2021 if disputes remained after meeting and conferring. *Id.*

The parties filed the instant joint letter on May 11, 2021 in which Banga states that Blum has agreed to appear for his deposition on May 26, 2021, but that Blum "require[s] a payment of $1890 before his testimony." That sum apparently represents time spent responding to Defendants' subpoenas at the hourly rate of $450, as well as prep time at the hourly rate of $750. Jt. Letter 1. Banga also represents that he will produce documents responsive to Defendants' subpoena, including emails between Banga and Blum and Blum's retainer agreement. *Id.* at 3

3

(stating "documents referenced in the last two paragraphs" of an email from defense counsel "will be produced"). Defendants object to Blum's demand for payment of $1890 and state that Banga has not yet produced all responsive documents. *Id*. at 3-4.

Blum's demand for $1890 before proceeding with his deposition is denied. The court's May 4, 2021 Order was unequivocal: "Defendants shall pay Blum *the flat fee of $450* for all of the time he spent responding to their subpoena," because that was the amount Banga previously requested. May 4, 2021 Order 4 (emphasis added). As to the request for compensation for Blum's prep time (in addition to time spent responding to the subpoena), this is – yet again – the first time Banga has identified this issue despite three rounds of briefing on Blum's deposition. The request is therefore denied. Blum shall appear for his deposition on May 26, 2021, the date agreed to by the parties, **subject only to the payment provisions set forth in the court's May 4, 2021 Order.**

Regarding Banga's production of documents in response to the subpoena, it appears that Banga previously claimed that some of the responsive documents may be protected by the attorney-client privilege. In the instant letter, Banga is silent as to that or any other privilege or protection over the documents. Accordingly, Banga must produce **all documents responsive to Defendants' subpoena by no later than May 19, 2021.**

**IT IS SO ORDERED.**

Dated: May 14, 2021



_____
Donna M. Ryu
United States Magistrate Judge

4