UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVJEET SINGH BANGA,<br>Plaintiff,<br>v.<br>CHRIS GUS KANIOS, et al.,<br>Defendants. | Case No. 16-cv-04270-RS (DMR)<br><br>**ORDER ON PLAINTIFF'S ADMINISTRATIVE MOTION REGARDING DEPOSITION OF EXPERT SIDNEY BLUM**<br><br>Re: Dkt. Nos. 413, 416 |

This order is the latest and hopefully the last in the ongoing saga of the deposition of Plaintiff Navjeet Singh Banga's economic damages expert Sidney Blum. The court reviewed Plaintiff's administrative motion regarding Defendants' "refusal to depose" Blum and Defendants' opposition thereto. [Docket Nos. 413, 416.] This matter is suitable for determination without a hearing. Civ. L.R. 7-1(b).

On May 4, 2021, the court ordered the parties to meet and confer to select a date for Blum's deposition and ordered the deposition to take place by videoconference by no later than May 28, 2021, subject to specific payment provisions described below. [Docket No. 389.] Following additional disputes about the deposition, including Blum's demand for additional fees before proceeding, on May 14, 2021, the court ordered Blum to appear for his deposition on May 26, 2021, subject only to the payment provisions set forth in the court's May 4, 2021 order. [Docket No. 397.]

Plaintiff filed objections to the court's May 14, 2021 order, which the Honorable Richard Seeborg overruled the morning of May 26, 2021. [Docket Nos. 400, 408.] Despite Chief Judge Seeborg's order overruling the objections, Plaintiff and Blum did not appear for the deposition on May 26, 2021 as ordered. Plaintiff, who is representing himself, may have believed that he and Blum were not required to appear for the court-ordered deposition because he had objected to the undersigned's May 14, 2021 order. This is not the case; Plaintiff must comply with all court

orders unless and until relieved of the obligation to do so. If a party objects to a magistrate judge's discovery order, that order remains in effect unless the objecting party requests and receives a stay of the order from the reviewing judge. *See, e.g., Verizon Cal. Inc. v. OnlineNIC, Inc.*, 647 F. Supp. 2d 1110, 1116 (N.D. Cal. 2009) ("a party may not disregard the clear terms of a court order, even if that party believes the order to be misguided, mistaken, or otherwise incorrect." (citing *Chapman v. Pac. Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979))).

Defendants state that they seek to depose Blum "if at the time of the deposition, he is still Plaintiff's expert witness." [Docket No. 415.] Banga represents that Blum is still Plaintiff's expert witness. [*See* Docket No. 413-1 (Banga Decl. June 21, 2021) ¶ 6 ("I was able to convince Mr. Blum to change his previous position wherein he . . . had decided to resign from my case on May 17, 2021").] In his administrative motion, Plaintiff states that Blum is available for his deposition on June 28, 2021. Mot. 2, 6. On June 23, 2021, the court ordered Plaintiff to "instruct Blum to reserve [June 28, 2021] for any deposition." [Docket No. 414.] Defendants state that they are available to depose Blum on June 28, 2021. Opp'n 6. Therefore, **Blum shall appear for his deposition on June 28, 2021 at 10:00 a.m., subject only to the payment provisions set forth in the court's May 4, 2021 order**, as follows, with one exception noted below with respect to a fee for responding to the subpoena:

> Defendants are entitled to up to an additional six hours of testimony by Blum, payable at the previously-ordered rate for deposition testimony of $800 per hour ($750 payable by Defendants; $50 payable by Banga). As Defendants have already paid their share for three hours of deposition testimony, Blum must provide two hours of deposition testimony **at no additional charge**. Blum must also provide up to an additional four hours of deposition testimony upon Defendants' request; Blum's $800 hourly fee for such testimony is payable by Defendants and Banga within 24 hours of the completion of his deposition, as previously ordered.

May 4, 2021 Order at 4 (emphasis in original). If Defendants have not yet paid Blum the $450 flat fee for all time he spent responding to their subpoena (*see* May 4, 2021 order), they must do so within 24 hours of the completion of his deposition.

Plaintiff lacked good cause for his and Blum's failure to appear for the deposition on May 26, 2021 and Defendants had to incur court reporter fees for the non-appearance. Therefore, **Plaintiff shall pay the court reporter fees for the June 28, 2021 deposition.** Defendants' request for attorneys' fees and costs in connection with the May 26, 2021 non-appearance is

2

denied. However, Plaintiff is warned that any violation of this order by Plaintiff and/or Blum may result in sanctions, including the payment of attorneys' fees and costs incurred with such violation(s).

Finally, the court previously ordered Plaintiff to produce all documents responsive to Defendants' subpoena by no later than May 19, 2021. May 14, 2021 Order at 4. If Plaintiff has not already done so, he shall produce such documents to Defendants by no later than 6:00 p.m. on June 26, 2021. Any responsive documents that post-date the May 14, 2021 order must be produced at Blum's deposition.

Defendants' request to exclude Blum as an expert is denied. The current record does not support such a harsh remedy.

The parties are strongly advised to work together to complete this deposition in a reasonable manner without further dispute.

**IT IS SO ORDERED.**

Dated: June 25, 2021



Donna M. Ryu
United States Magistrate Judge