United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NAVJEET SINGH BANGA,

        Plaintiff,

     v.

CHRIS GUS KANIOS, et al.,

        Defendants.

Case No. 16-cv-04270-RS

**ORDER REGARDING MOTIONS *IN LIMINE***

The parties' motions *in limine* have been briefed. The following rulings will enter.

<u>Plaintiff's Motions</u>

1. <u>Motion to "exclude all argument, testimony, and evidence re: Defendants' alleged claim for failure to exhaust internal and external remedies unsupported by discovery responses"</u>

Plaintiff seeks a sanction under Federal Rule of Civil Procedure 37 precluding Defendants from using any material related to the affirmative defense that he did not exhaust administrative remedies before filing suit. He explains that they submitted objections to his interrogatory on this subject but provided no substantive response. Plaintiff omits, however, Magistrate Judge Ryu's February 27, 2020 ruling denying his motion to compel further response. Because there was no discovery violation, the motion is denied.

2. <u>Motion to "exclude all argument, testimony, and evidence that Defendants refunded Banga's summer 2016 tuition associated with his summer classes"</u>

Plaintiffs seeks a sanction under Federal Rule of Civil Procedure 37 precluding Defendants

from introducing any documents corroborating Defendants' contention that they refunded Plaintiff's summer 2016 tuition. He contends their objections to his request for admission on this point was improper and that they failed to produce a copy of the check or any correspondence with the Department of Education. At the summary judgment stage, this Court held that a genuine dispute of fact existed as to whether Defendants refunded the Summer 2016 tuition because they failed to produce any evidence of the refund. Now, Defendants invoke an attachment to a declaration by Kimberly Madison in support of their motion for summary judgment indicating John F. Kennedy University ("JFKU") "will" refund the Department of Education the relevant portion of Plaintiff's summer tuition. Plaintiff clarifies this document was never produced to him. While Defendants will not be sanctioned or precluded from discussing the refund issue at trial, they may not rely on documents, including the exhibit attached to the declaration of Kimberly Madison, not previously produced to Plaintiff.

   3.   <u>Motion to "preclude Defendants from introducing any evidence, argument and testimony relating to undue hardship defense"</u>

Plaintiff contends that though Defendants maintain that providing his requested accommodation would have caused them undue burden, they "failed to provide any factual bases and evidence in support of their claim of undue hardship." Motion *in limine* ("MIL") 3 at 3. The motion is both overbroad and improperly seeks to dispose of a dispositive issue. It furthermore belatedly seeks to relitigate objections to two responses to interrogatories already considered and denied by Magistrate Judge Ryu. It is accordingly denied without prejudice. To the extent Plaintiff wishes to object at trial to specific pieces of evidence because they were sought but not produced to him, he may do so.

   4.   <u>Motion to "preclud[e] Defendants from introducing any argument, testimony, and evidence relating to the matters admitted in requests for admissions"</u>

Plaintiff seeks (1) a jury instruction explaining that matters admitted in response to Requests for Admissions ("RFAs") are conclusively established and (2) an order precluding Defendants from contradicting matters admitted in response to RFAs. Specifically, he seeks to preclude Defendants from discussing that he "had no right to a private room of his choice because

he provided no medical documentation to support this request for a distraction-free testing room" because Defendants "neither admitted nor denied" RFAs probing this point and sets forth Defendants' boilerplate objections to 11 RFAs. MIL 4 at 3 (deemphasized). Though Defendants did not expressly admit or deny the RFAs, Magistrate Judge Ryu previously held that no further response was required as to 9 of the RFAs and Plaintiff did not timely object to the other two, RFAs 79 and 80. Because Defendants did not actually admit any of the 11 RFAs, the subject matter contained within them cannot be deemed admitted. The request for a jury instruction is premature in that it is not evident that RFAs will be admitted at trial.

     5.  <u>Motion to "exclude all argument, testimony, and evidence that Plaintiff's proposed accommodation was per se unreasonable"</u>

Plaintiff alleges that Defendants have maintained throughout the litigation that they did not provide him with his preferred exam room "because of a scheduling issue," not "because of his disability." MIL 5 at 3 (deemphasized). As a result, he now moves to preclude Defendants from offering "any new, and undisclosed basis at the eleventh hour that Banga only preferred a left-side room and having to accommodate a preference is per se unreasonable." *Id.* (deemphasized) (internal quotation marks omitted). Plaintiff attacks Defendants' responses to interrogatories 7 and 8 without acknowledging that Magistrate Judge Ryu already concluded that no further response was required. The motion is denied because it is nonsensical and appears to seek a dispositive ruling.

     6.  <u>Motion to "preclude admission of Defendants' affirmative defenses"</u>

Plaintiff alleges Defendants have not produced any evidence in support of their affirmative defenses. He takes issue with Defendants' responses to interrogatories 25, 26, 27, 28 and 78 as well as requests for production 74, 75, and 76 and argues they failed to supplement their answers in violation of Federal Rule of Civil Procedure 26(e). Essentially, he contends he has to prepare for trial without knowing on which documents or factual bases Defendants will rely to prove their affirmative defenses. Nonetheless, Magistrate Judge Ryu already denied Plaintiff's motion to compel further responses as to each of the above-listed interrogatories. He also waived the right to

object to the requests for production by not filing a motion to compel at that time. The motion is therefore denied.

7. <u>Motion to "strik[e] Defendants' unverified interrogatory answers and precluding any undisclosed or improperly disclosed witness from testifying"</u>

Magistrate Judge Ryu already considered Plaintiff's objections to the relevant interrogatories at the December 5, 2019 discovery hearing. She concluded Doreen Alfaro's verifications were sufficient as to the interrogatories aimed at all Defendants. She ordered supplemental verifications as to some other interrogatories, which the Defendants aver they served as directed. She denied Plaintiff's motion to compel further responses to many of the interrogatories. Defendants timely submitted supplementations on those ordered. Because Defendants have not committed a discovery violation, the motion is denied.

8. <u>Motion to "exclude all argument, testimony, and evidence not produced by Defendants before discovery cut off"</u>

Plaintiff moves to exclude the introduction of evidence not produced in response to Requests for Production ("RFPs") 55, 56, 57, 58, 59, 60, and 61. These requests each sought "[a]ny and all documents tending to support or refute" affirmative defenses 2, 3, 4, 12, 14, 19, and 20, respectively. MIL 8 at 3–4. Defendants provided the same boilerplate objection to all the enumerated RFPs. Because Judge Ryu already denied Plaintiff's request to compel further response, the motion is denied without prejudice. Plaintiff is entitled to challenge at trial any documents he believes were properly sought but not produced.

9. <u>Motion to "exclude testimony by Defendants' non-retained experts"</u>

Plaintiff seeks to prohibit Defendants from calling the following witnesses at trial: (1) Chris Gus Kanios, (2) Dean Barbieri, (3) Eleanor Armstrong, (4) Debra Bean, (5) Sarah Mraule, (6) Doreen Alfaro, (7) Matt Taxman, (8) Lynden Tripp, and (9) Marie Pavone. He alleges that though Defendants seek to call them as non-retained expert witnesses, they have not complied with Federal Rule of Civil Procedure 26(a)(2)(C)(ii), which requires a "summary of the facts and opinions to which the witness[es] [are] expected to testify." Because none of the nine individuals were ever designated as non-retained experts, the motion is denied. Should the witnesses offer

United States District Court
Northern District of California

expert economic or vocational rehabilitation testimony at trial, Plaintiff may challenge them at that time.

10. <u>Motion to exclude expert witness Dr. George Woods</u>

This Court's order on September 5, 2020 already determined the extent to which Dr. George Woods may offer testimony. He was not required to provide an updated report in conformity with that order. It must be noted, however, that of the example of expert opinions offered in Defendants' opposition, only the third and potentially fifth conclusions conform with that order.

11. <u>Motion to "preclude Defendants from introducing irrelevant evidence"</u>

Plaintiff seeks an order prohibiting Defendants from presenting evidence "relating in any way related [sic] to Plaintiff's scholastic record prior to his admittance into JFKU Law School and Plaintiff's medical records to dispute that he is not a qualified individual under Title III [of] the ADA and § 504 of the Rehabilitation Act[.]" MIL 11 at 3. He also appears to seek to exclude any evidence from Dr. Steven Wozniak, Plaintiff's psychiatrist. The motion is nonsensical and overbroad. It is on that basis denied without prejudice. Plaintiff may bring relevancy challenges to particular pieces of evidence at trial.

12. <u>Motion to "exclude report and testimony of Defendants' rebuttal expert witness Paul A. Zimmer"</u>

Paul A. Zimmer is a Certified Public Accountant and certified in financial forensics. He is offered to rebut the conclusions of Plaintiff's financial damages expert Sidney Blum. Plaintiff alleges Zimmer neither identifies his methods nor reliably applies those methods to the facts. A review of Zimmer's report suggests he provides just enough. He critiques Blum for opining on Plaintiff's chances of graduating law school, passing the bar, securing employment at $88,437 per year in contravention of the American Institute of Certified Public Accountants practice aid for "Measuring Damages Involving Individuals," which requires damages to be based on reasonably certain assumptions. He concludes that because Blum's assumptions are unfounded, the damages analysis is speculative. Zimmer has thus identified the method underpinning his opinion and the

United States District Court
Northern District of California

1   motion is denied. Plaintiff is, however, of course entitled to argue at trial that Zimmer's short

2   report is entitled to little weight.

3

4   Defendants' Motions

5       1.   Motion to "bifurcate the issue of punitive damages"

6       Federal Rule of Civil Procedure 42(b) empowers the district court to bifurcate issues "[f]or

7   convenience, to avoid prejudice, or to expedite and economize[.]" Whether to bifurcate is left to

8   the discretion of the district judge. Defendants make only boilerplate arguments in support of the

9   motion and do not identify any specific prejudice they might face. The motion is accordingly

10  denied.

11      2.   Motion and "supplemented motion" to exclude expert witness Sidney Blum

12      Defendants argue Sidney Blum's expert testimony and report are inadmissible because (1)

13  he provides opinions in a field in which he is not qualified, (2) he provides opinions based on

14  unreliable data, (3) his opinions will not aid the trier of fact, and (4) the danger of unfair prejudice

15  and the potential to mislead the jury outweigh any probative value. Blum's two major conclusions

16  are that (1) Plaintiff is owed $2,971 in outstanding financial aid and (2) Plaintiff lost $386,164 in

17  income as a result of Defendants' conduct. He anchors his first opinion in little more than

18  Plaintiff's insistence that he should have been refunded that amount. He founds his second opinion

19  in the assumptions that Plaintiff would have graduated from law school, passed the bar exam on

20  the first try, and found employment as an attorney earning $88,437 per year. Yet Blum is not a

21  vocational expert. He offers no basis to conclude he has any expert knowledge about graduation

22  rates, the California bar, or attorney employment prospects. Furthermore, his conclusion that

23  Plaintiff would have earned "fringe benefits" synthesized an article from the websites "Above the

24  Law" and "Smitheconomics.com" to conclude Plaintiff would have earned 25% of his salary in

25  fringe benefits. Lastly, Blum's conclusion that Plaintiff mitigated his damages by applying to four

26  comparable law schools is outside the scope of his expertise. Because Blum does not base his

27  opinion on reliable methods, he cannot be considered an expert under Federal Rule of Evidence

28

United States District Court
Northern District of California

702. On this record, it appears questionable that Blum is in a position to provide admissible expert testimony on the issues identified. At the pre-trial conference in this action Defendants may renew their motion to exclude Blum's expert testimony.

**IT IS SO ORDERED**.

Dated: September 10, 2021



RICHARD SEEBORG
Chief United States District Judge