UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVJEET SINGH BANGA,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS GUS KANIOS, et al.,<br><br>Defendants. | Case No. 16-cv-04270-RS<br><br>**ORDER DENYING MOTION TO STRIKE DEFENDANTS' REQUEST FOR A JURY TRIAL AS WAIVED** |

Plaintiff Navjeet Singh Banga moves to strike the Defendants' request for a jury trial as waived. (Dkt. 427). In July 2017, Banga filed his Third Amended Complaint alleging violations of the Americans with Disabilities Act and the Rehabilitation Act, among other claims, and in this complaint requested a jury trial. (Dkt. 95). In January 2018, Defendants answered the Third Amended Complaint. (Dkt. 127). Banga subsequently dropped his demand for a jury trial. Banga now argues that Defendants did not timely answer the Third Amended Complaint and thus did not properly rely on his demand for a jury trial in that complaint. Defendants, however, timely answered Banga's Third Amended Complaint, and thus have not waived their right to a jury trial.

## I. Legal Standard

To request a jury trial, a party must serve the other parties with a written demand in accordance with Federal Rule of Civil Procedure 38. "Rule 38 has been interpreted as incorporating a right of reasonable reliance on the jury demand of another party." *Cal. Scents v. Surco Prods., Inc.*, 406 F.3d 1102, 1106 (9th Cir. 2005) (internal quotation marks and citation

omitted). "[O]nce one party files such a demand other parties are entitled to rely on that demand for the issues it covers, and need not file their own demands." *Fuller v. City of Oakland, Cal.,* 47 F.3d 1522, 1531 (9th Cir. 1995).

## II. Discussion

Banga argues that Defendants did not properly rely on his demand, because Defendants' responsive pleadings were filed late. According to Banga, the lack of a timely responsive pleading means that Defendants waived their right to a jury trial. Defendants, however, did timely file their answer to Banga's Third Amended Complaint. After the court denied in part and granted in part Defendants' motion to dismiss Banga's Third Amended Complaint on December 29, 2017 (Dkt. 118), Defendants had fourteen days under Rule 12(a)(4)(A) to file an answer. Defendants filed their answer fourteen days later on January 12, 2018.[1] (Dkt. 127). As the Defendants timely filed their answer, the court does not speculate on whether failure to answer within the allotted time would constitute waiver of the right to a jury trial.

## III. Conclusion

As Defendants relied on Banga's request for a jury trial, Defendants have not waived their request for a jury trial. Accordingly, Banga's motion to strike Defendants' request for a jury trial is denied.

**IT IS SO ORDERED**.

Dated: October 1, 2021

_____
RICHARD SEEBORG
Chief United States District Judge

---

[1] When computing a filing deadline, the day of the triggering event is excluded. *See* Fed. R. Civ. P. 6(a)(1)(A).