UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NAVJEET SINGH BANGA,

    Plaintiff,

    v.

CHRIS GUS KANIOS, et al.,

    Defendants.

Case No. 16-cv-04270-RS

**ORDER ON MOTIONS *IN LIMINE***

Both parties in this case have filed and fully briefed pretrial motions *in limine* ("MIL"). For the reasons discussed below, Plaintiff's MIL No. 13 is denied, Defendants' MIL No. 1 is denied, and Defendants' MIL No. 2 is granted.

**I. PLAINTIFF'S MOTION *IN LIMINE***

Plaintiff's MIL No. 13[1] seeks to limit or preclude testimony of Defendants' witnesses at trial that is "outside of their percipient knowledge, and improperly verges on expert testimony." Dkt. 479, at 1. Besides being filed late, the MIL is non-specific as to what testimony from each witness it specifically seeks to exclude. Plaintiff relies heavily, but incorrectly, on Rule 702's reference to "specialized knowledge" as falling within the realm of expert testimony. However, the Rule does not apply simply because a witness seeks to testify regarding his or her *specific*

---

[1] The MIL is styled as No. 13, rather than No. 1, because Plaintiff elected to continue numbering from a prior round of MILs. *See* Dkt. 419 (Plaintiffs' MIL No. 12 filed July 6, 2021).

knowledge — for instance, testimony about a particular organizational policy of which the witness is familiar. A lay witness's testimony that is "based on personal knowledge gained through employment . . . and common sense" is, in other words, typically not "specialized technical expert knowledge" requiring an expert designation. *Gray v. Golden Gate Nat'l Recreation Area*, No. C 08-00722-EDL, 2013 WL 12386845, at *22 n.8 (N.D. Cal. Feb. 20, 2013); *see, e.g.*, *NeSmith v. Cnty. of San Diego*, No. 15-CV-629 JLS (AGS), 2022 WL 272011, at *17 (S.D. Cal. Jan. 28, 2022). The MIL is therefore denied, without prejudice. Should the Defendants' witnesses offer expert testimony or improper legal conclusions at trial, Plaintiff may challenge them at that time.

## II. DEFENDANTS' MOTIONS *IN LIMINE*

### A. Motion *In Limine* No. 1 to Bifurcate the Issue of Punitive Damages

Defendants' MIL No. 1, seeking to bifurcate the issue of punitive damages into a separate trial phase, largely repeats the arguments that were previously raised and rejected. *See* Dkt. 428, at 6; Dkt. 393. Seeing no good cause to depart from that prior ruling, the motion is denied.

### B. Motion *In Limine* No. 2 to Exclude Plaintiff's Expert Witness

Defendants' MIL No. 2 argues that Plaintiff's expert witness, Dr. Sidney Blum, must be excluded because he lacks qualification as an expert on the subjects his report embraces, bases his opinions on unreliable data and speculation, and further because his testimony will fail to assist the jury. Defendants previously moved *in limine* to exclude Dr. Blum's testimony, and the order noted not only that Dr. Blum "cannot be considered an expert" under Rule 702, but further that "[o]n this record, it appears questionable that Blum is in a position to provide admissible expert testimony on the issues identified." Dkt. 428, at 6–7.

Plaintiff has offered no compelling reasons why Dr. Blum should be permitted to testify as an expert witness. Many (if not most) of Dr. Blum's conclusions are rooted in unreliable data, such as outdated articles, vague statistics, and unreasonable comparisons to other law schools. The lost earnings calculations rely on a series of inferential leaps that are unduly speculative. Further, Dr. Blum, while no doubt a qualified and experienced accountant, does not have the training as a vocational expert to opine on topics including entry into, and earnings within, the legal job market,

nor does he evince his qualifications to state legal conclusions as to Plaintiff's disability or Defendants' allegedly wrongful conduct. All of this reaffirms the prior conclusion that Dr. Blum has not been qualified as an expert witness under Rule 702, and it demonstrates that his testimony would not assist the jury and could cause unfair prejudice to Defendants. The motion is therefore granted, and Plaintiff is precluded from relying on Dr. Blum's testimony or expert report.[2]

In addition, and more broadly, the damages theory advanced in Dr. Blum's report as presently constituted appears to be too speculative to be admitted into evidence. Courts will not award damages where the evidence is "too speculative to establish with reasonable certainty that [the plaintiff] would incur such expenses." *Sandoval v. St. Johns Reg'l Med. Ctr.*, 380 Fed. App'x 620, 621 (9th Cir. 2010) (mem.). Here, there is no basis simply to assume that Plaintiff would have succeeded in law school, passed the (notoriously difficult) California Bar Exam, and then proceeded to obtain a job as an attorney. This is not a reflection on Plaintiff's particular effort, aptitude, or initiative; there is simply no way to know whether this hypothetical sequence of events would have played out. Thus, in addition to Dr. Blum's report, similar evidence and testimony regarding damages likely will need to be excluded.

**IT IS SO ORDERED**.

Dated: January 24, 2023

_____
RICHARD SEEBORG
Chief United States District Judge

---

[2] Plaintiff, in a supplemental brief filed after the pretrial conference, argues that Dr. Blum could still be allowed to testify on Plaintiff's lost compensation as a substitute teacher and the number of hours Plaintiff spent in class. *See* Dkt. 482, at 2–3. While this testimony may be relevant to Plaintiff's case, it is unclear why it would need to be the subject of expert testimony: Dr. Blum's basis for calculating Plaintiff's compensation as a substitute teacher, for instance, appears to be based simply (and only) on Plaintiff's paystubs. *See* Dkt. 466-3, at 40. Thus, expert testimony on these matters does not appear necessary to "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).