UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVJEET SINGH BANGA,<br><br>    Plaintiff,<br><br>v.<br><br>CHRIS GUS KANIOS, et al.,<br><br>    Defendants. | Case No. 16-cv-04270-RS<br><br>**ORDER DENYING ADMINISTRATIVE MOTION** |

The parties dispute whether Plaintiff Navjeet Banga timely accepted Defendants' Offer of Judgment under Federal Rule of Civil Procedure 68. Banga and Defendants agree Defendants issued the Rule 68 offer on December 19, 2023. The offer had to remain open for a minimum of 14 days, until January 2, 2024. *See Kubiak v. County of Ravalli*, 32 F.4th 1182, 1190 (9th Cir. 2022). Under Rule 68(b), "[a]n unaccepted offer is considered withdrawn, but it does not preclude a later offer." Fed R. Civ. P. 68(b). Banga (it is undisputed) did not accept the Rule 68 offer by January 2nd. However, the parties also agree Defendants told Banga they would extend the period within which he could accept the offer to January 5th. Banga failed to sign the agreement by this date. Defendants gave Banga one last chance to accept the Rule 68 offer on January 8th, but Banga refused to sign the agreement that day. Later in the day on January 8th, Defendants told Banga the Rule 68 Offer was withdrawn.

The product of this whiplash-inducing sequence of events, Banga claims, is that he timely accepted Defendants' Rule 68 offer. The fatal defect in this argument is Banga's own acknowledgement that he refused to send the signed Notice of Acceptance to Defendants required

to accept the offer effectively. "Rule 68 offers of judgment are analyzed in the same manner as any contract." *Kubiak*, 32 F.4th at 1191 (cleaned up). An offeror is entitled to set the terms by which an offer may be accepted. *Lang v. Gates*, 36 F.3d 73, 75 (9th Cir. 1994). Defendants conditioned their Rule 68 offer on Banga signing and returning the "Notice of Acceptance" attached to the proffered agreement. There is no dispute Banga did not comply with this condition of the offer by January 8th; thus, Banga did not timely accept the Rule 68 offer.

It is worth emphasizing, however, that the fact a Rule 68 offer is offered but not effectively accepted does not preclude a later Rule 68 offer. *See* Fed. R. Civ. P. 68(b). Defendants could issue a new Rule 68 offer that, if accepted, would obviate the need for a trial in this action. This case is now way past the point that a trial is in anyone's interest. The parties should, therefore, resolve it forthwith.

**IT IS SO ORDERED**.

Dated: January 30, 2024

RICHARD SEEBORG
Chief United States District Judge