UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVJEET SINGH BANGA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHRIS GUS KANIOS, et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-04270-RS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

  Plaintiff Navjeet Banga has filed a motion for reconsideration of the order denying his request to quash Defendants' subpoena for his testimony at trial. Banga's motion is procedurally defective: "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civil L.R. 7-9(a).[1] This error alone necessitates denying the motion. Banga also fails to invoke any of the three bases for reconsideration under Rule 7-9(b). Instead, he argues he should not be required to testify live[2] and that in the event he should have to testify, counsel should be appointed. These arguments are addressed below.

  First, as explained at the pretrial conference, Banga may submit any prepared testimony into the record without reading it aloud during his case-in-chief. If Banga submits testimony,

---

[1] This is not the first time Banga has sought reconsideration of an order without following court rules. *See* Dkt. 490.

[2] Banga claims requiring him to testify would violate the Americans with Disabilities Act ("ADA"). However, it is well-settled Title II of the ADA does not apply to the federal government. *See Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000) (citing 42 U.S.C. § 12131(1), which, in defining "public entity," excludes the federal government).

Defendants are entitled to cross-examine him. *See* Fed. R. Evid. 611(b). Banga argues—days before trial is set to begin—that "requiring [him] to testify would severely aggravate his disability symptoms, rendering him unable to fully participate in and conduct the bench trial." Dkt. 559, at 3. He suggests he cannot "testify live," *id.*, but represented to this Court, just two weeks ago, that he was "prepared to proceed to the scheduled jury trial on February 26, 2024" and "wholly committed to proceeding on that date barring any settlement, regardless of the difficulties Plaintiff faces," Dkt. 532, at 1, 2. Plaintiff has known for more than a month that he would be proceeding to trial *pro se*, and that trial would involve, among other things, examining witnesses.[3]

Second, Banga (once again) requests the appointment of counsel to assist him before and during trial. While it is regrettable that Plaintiff will be *pro se* at trial, he will not be unrepresented for lack of trying. In June 2018, Banga was granted a referral to the Federal Pro Bono Project, and counsel from Legal Aid at Work were appointed to represent him two months later. Counsel were later granted leave to withdraw from their representation of Plaintiff. In October 2019, Banga was granted a second referral to obtain counsel from the Federal Pro Bono Project, but appropriate counsel could not be identified. Finally, in October 2023, Plaintiff represented to the Court that he had located (but not formally retained) private counsel and needed additional time before trial. Banga's trial, then scheduled for November 13, 2023, was continued to 2024 to give Banga the opportunity to secure effective representation. This attempt to procure counsel for trial eventually proved unsuccessful. In short, Banga has been afforded every opportunity to obtain counsel over the course of this seven-year-long litigation.

**IT IS SO ORDERED**.

Dated: February 21, 2024

---

[3] Given that this is a bench trial and Plaintiff is proceeding *pro se*, Plaintiff—within the bounds of court rules—will be afforded some latitude in presenting his case.

_____
RICHARD SEEBORG
Chief United States District Judge