UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NAVJEET SINGH BANGA,

Plaintiff,

v.

CHRIS GUS KANIOS, et al.,

Defendants.

Case No. 16-cv-04270-RS

**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE THE JUDGMENT AND GRANTING DEFENDANTS' MOTION TO LIFT THE STAY REGARDING THE BILL OF COSTS**

Navjeet Singh Banga sued Defendants John F. Kennedy University ("JFKU"), National University, Chris Gus Kanios, Dean Barbieri, and Eleanor Armstrong for disability discrimination in violation of section 504 of the Rehabilitation Act and Title III of the Americans with Disabilities Act ("ADA"), derivative relief under California's Unruh Civil Rights Act and California Unfair Competition Law, and breach of contract. Banga averred that Defendants failed to provide him with reasonable disability accommodations, which caused him to flunk out of the (now defunct) JFKU College of Law. After a bench trial, judgment was entered for Defendants. *See* Dkt. 585. Banga now moves to set aside that judgment under Rules 60(b)(3), 60(d)(3), and 60(b)(6). The motion is denied.

## I. BACKGROUND

Prior to the commencement of this suit, Banga was enrolled as a part-time law student at the JFKU. He took two letter-graded courses (Contracts and Torts) during the 2015-2016 academic year, both of were graded on the basis of a midterm exam in December and a final exam

in May. In advance of his exams, Banga requested various disability accommodations due to his major depressive disorder and social anxiety disorder. JFKU granted Banga double time for his exams, permission to stand up and walk around during the exams, priority registration, multimedia textbooks, and access to a private room in the Office of Accessibility Services in which to take his exams.

Still, Banga failed. He received a grade of 60 on his Torts midterm and a grade of 61 on his Contracts midterm. In the spring, he received a 65 on his Torts finals and a 63 on his Contracts final. These contributed to a cumulative grade-point average of 63 at the end of his first year, well below the threshold necessary to avoid academic disqualification. Banga contested his preliminary disqualification through a Petition to Advance on Probation, arguing that he failed his classes because he received insufficient accommodations. Specifically, he complained that the private room he was given was distractingly noisy, preventing him from concentrating. JFKU denied the Petition.

Banga filed this lawsuit in July 2016, bringing nine claims under federal and state law. A tortured procedural path—the details of which need not be recited—ensued. Eventually, the case proceeded to a bench trial with five claims still alive. In his case-in-chief, Banga admitted a variety of exhibits and called himself as the only witness. Before the defense case, Defendants moved for judgment on partial findings under Rule 52(c). Ruling on that motion was deferred, and Defendants proceeded to their case-in-chief. The Rule 52(c) motion was granted after the conclusion of the evidence. *See* Dkt. 585.

Each of Banga's claims failed for multiple reasons. Of importance here, Banga's claim under the Rehabilitation Act failed because he did not present any evidence permitting the conclusion that he would have met the criteria for academic eligibility had he been granted his requested accommodation. *See* Dkt. 585, at 8. Banga could have met his burden by, for example, submitting evidence of his performance in classes not tested by examination, but he did not. His ADA claim was dismissed for mootness. *See id.*, at 10–11. His Unruh Act and Unfair Competition Law claims failed because they were derivative of his disability discrimination claims. *See id.*, at

ORDER DENYING RULE 60(B) MOTION
CASE NO. 16-cv-04270-RS

12. Finally, Banga's breach of contract claim failed because he offered no persuasive evidence that JFKU failed to refund him for tuition that went towards classes from which he was ultimately forced to withdraw. *See id.* at 13.

In the alternative, the order resolving Banga's claims made findings of facts based on evidence introduced by both sides at trial. Some of those findings referred to testimony of defense witnesses regarding whether Banga received credit in the first-year Legal Research and Writing course. That evidence tended to show that, even with full accommodations, Banga would not have been qualified to continue at JFKU. *See* Dkt. 585, at 16 ("The core of Banga's disability discrimination argument is that, but for Defendants' refusal to give him a sufficiently private, quiet room for tests, he would have been able to succeed at JFKU. Banga's no-credit grade in Legal Research and Writing undermines this argument because it demonstrates that even when Banga had unbounded time to complete his coursework and to do so in non-distracting environments, he was unable to meet JFKU's academic standards.").

The alternative findings also emphasized Defendants' evidence regarding the reasonableness of the accommodations Banga received. Tellingly, the evidence revealed that after taking his spring finals, Banga complained to JFKU administrators that he failed because his exam software failed and because he experienced "anxiety and panic" during the exam. *See* Dkt. 585, at 16–17. No evidence—other than Banga's own testimony—indicated that the private room he tested in was too noisy. *See id.*

Banga appealed the order of judgment. *See* Dkt. 587. The Ninth Circuit dismissed the appeal because Banga did not file an opening brief, *see* Dkt. 599, but reopened the appeal on his motion, *see* Dkt. 603. Banga then voluntarily dismissed his appeal. *See* Dkt. 608. While the appeal was pending, Banga filed a motion to aside the judgment under Rule 60(b)(3), Rule 60(d)(5), and/or Rule 60(b)(6). *See* Dkt. 601. He then amended that motion. *See* Dkt. 610 (Mot.).

In the amended motion, Banga argues that judgment rests on the perjured testimony of two witnesses: Professor Kanios and President Bean. *See* Mot., at 1. Professor Kanios testified that Banga received no credit in a year-long Legal Research and Writing course that was graded on a

credit/no-credit basis. Tr. 179:7–21. Banga contends this was false on two fronts. First, the course was not year-long. Second, he did not receive a grade of "no credit." Rather, his transcript (for some unexplained reason) lacked a notation for that course. *See* Mot. Ex. 10.

President Bean testified that she stood by her response to an interrogatory, in which she stated that Banga asked for a private room the day before his exam was scheduled. Tr. 152:3–5. That is contradicted, Banga says, by documentary evidence showing he requested a private room in March of 2016—63 days before his exam. *See* Mot. Ex. 11. This false testimony, in Banga's view, "transform[ed] a timely 63-day advance request into last-minute procrastination that never triggered Defendants' legal duty to engage in the interactive process." Mot. at 3.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(3) permits a district court to "relieve a party . . . from final judgment" where there is "fraud . . . misrepresentation, or misconduct by an opposing party." "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting [its case]." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).

Rule 60(d)(3) clarifies that district courts maintain the authority to "set aside a judgment for fraud on the court." "A court's power to grant relief from judgment for fraud on the court stems from 'a rule of equity to the effect that under certain circumstances, one of which is after-discovered fraud, relief will be granted against judgments regardless of the term of their entry.'" *United States v. Sierra Pacific Industries, Inc.*, 862 F.3d 1157, 1167 (9th Cir. 2017) (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944)). "[R]elief from judgment for fraud on the court is 'available only to prevent a grave miscarriage of justice.'" *Id.* at 1167 (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)).

Rule 60(b)(6) permits a district court to "relieve a party . . . from a final judgment" for "any other reason that justifies relief." "This clause 'gives the district court power to vacate judgments whenever such action is appropriate to accomplish justice.'" *Henson v. Fid. Nat'l Fin.,*

1    *Inc.*, 943 F.3d 434, 443 (9th Cir. 2019) (quoting *United States v. Sparks*, 685 F.2d 1128, 1130 (9th

2    Cir. 1982)). "A movant seeking relief under Rule 60(b)(6) must show 'extraordinary

3    circumstances justifying the reopening of a final judgment.'" *Jones v. Ryan*, 733 F.3d 825, 833

4    (9th Cir. 2013) (quoting *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005)).

### III. DISCUSSION

6    Banga's request for relief fails. He points to allegedly perjured testimony presented during

7    the defense case, but that testimony—perjured or not—had no impact on the disposition of his

8    claims. That is because all claims that remained live during the bench trial were resolved through

9    the Defendants' Rule 52(c) motion, which was evaluated using only the evidence presented in

10   Banga's case-in-chief. *See* Dkt. 585, at 7–15. If the allegedly perjured testimony was outside the

11   evidence on which the claims were decided, it did not prevent Banga from "fully and fairly

12   presenting" his case, *De Saracho*, 206 F.3d at 880 (Rule 60(b)(3)), or represent an injustice, *see*

13   *Sierra Pacific*, 862 F.3d at 1167 (Rule 60(d)(3)); *Jones*, 733 F.3d at 833 (Rule 60(b)(6)).

14   Banga's insistence the allegedly perjured testimony "was dispositive" in the order

15   resolving his claims is wrong. Mot., at 20 While that order cited testimony about Banga's grade in

16   the "year-long Legal Research and Writing course" in its evaluation of the disability

17   discrimination claim, that analysis was done in the alternative. That is, while Banga's claims fared

18   especially poorly when tested by Defendants' evidence, they would have failed even if Defendants

19   presented no case at all.

20   In any event, the testimony about Banga's Legal Research and Writing grade was not the

21   only evidence that undercut his disability discrimination claims. They were also weakened by

22   testimony—unchallenged by Banga in this motion—demonstrating that the accommodations he

23   received were perfectly sufficient. *See* Dkt. 585, at 16. In particular, Barbieri testified that the

24   private room in which Banga took his exams was far less distracting than the classroom in which

25   students without accommodations tested, *see* Tr. 90:9–20, and Banga testified during the defense

26   case that he initially blamed his poor grades on "anxiety and panic" during the exam as well as on

27   the exam software, not on the sufficiency of JFKU's accommodations, *see* Trial Ex. 30, at 1.

28

United States District Court
Northern District of California

Banga's complaint about President Bean's testimony is even less persuasive. He appears to believe that by falsely testifying that Banga's accommodation request was not timely, President Bean obviated JKFU's obligation to engage in an interactive negotiation over the accommodations request. In the context of employment cases, the Ninth Circuit has held that timely request for a disability accommodation triggers "a mandatory obligation to engage in an informal interactive process 'to clarify what the individual needs and identify the appropriate accommodation.'" *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002) (quoting *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1112 (9th Cir. 2000) (en banc)).

This argument focuses on an irrelevant technicality. The interactive negotiation obligation—to the extent it even applies here[1]—is meant to facilitate the provision of a reasonable accommodation. *See Barnett*, 228 F.3d at 1113 ("The interactive process is at the heart of the ADA's process and essential to accomplishing its goals. It is the primary vehicle for identifying and achieving effective adjustments which allow disabled employees to continue working without placing an 'undue burden' on employers."). That is precisely what JFKU did. It gave Banga extra time, special privileges during the test, and a private space in which to take the exam. Banga has retroactively asserted that those accommodations were not enough, but the evidence demonstrated otherwise. Banga has offered nothing to disturb that finding.

Though relief can be easily denied without deciding if Banga's assertion of perjury is meritorious, for completeness: It is not. Professor Kanios's testimony that Banga "did not get credit for" his work in the Legal Research and Writing course is, at worst, a mistake. After all, Banga's transcript lacked a notation for that course more than a year after the course was

---

[1] It is not clear that this obligation applies in non-employment cases. *Barnett* discerned the obligation from the legislative history of the ADA that spoke specifically about the duties of employers and the EEOC's implementing regulations, which apply to employers. *See* 228 F.3d at 1111–12. In *Zulke v. Regents of the University of California*, the Ninth Circuit articulated the legal standard that applies to claims of disability discrimination arising in the educational context, and it made no mention of the interactive process requirement. *See* 166 F.3d 1041, 1047 (9th Cir. 1999). Nevertheless, the obligation's application to educational dismissals is assumed because Banga's claim fails even if it applies.

United States District Court
Northern District of California

completed. *See* Mot. Ex. 9 (transcript dated January 29, 2017). Banga says that the lack of a notation was due to his administrative withdrawal, but he did not administratively withdraw until the summer of 2016, *after* other spring grades were filed. Perhaps Kanios was wrong about the reason for the lack of a notation on the transcript, but his mistake was not so egregious that the only explanation is that he lied under oath. It also remains unclear why Banga could not have just impeached Kanios with his transcript. Banga chose not to cross examine Professor Kanios at all, instead claiming that he was prejudiced by incorrect information about the witness sequence. *See* Tr. 197:16–22.[2]

Banga has also not established that President Bean perjured herself. Banga argues that President Bean's rather equivocal testimony about the timing of Banga's accommodation request must have been knowingly false because, as JFKU President, she would have known that Banga actually requested an accommodation about two months before his spring exams. However, the accommodation request was not made to President Bean, *see* Mot. Ex. 11, and Banga has provided nothing other than conjecture to support her knowledge of the specific timing of the request.

## IV. CONCLUSION

Despite nine years of trying, Banga has failed to establish any entitlement to relief. This is the end of the line. The motion is denied, and Defendants' motion to lift stay of the bill of costs (Dkt. 609) is granted .[3]

**IT IS SO ORDERED**.

Dated: November 14, 2025

_____

---

[2] At various points, Banga appears to assign significance to Professor Kanios's allegedly erroneous statement that Legal Research and Writing was a full-year course instead of a one-semester course. *See* Mot. at 17. Why that minor mistake matters is anyone's guess.

[3] All of Defendants' evidentiary objections are moot.

United States District Court
Northern District of California

RICHARD SEEBORG
Chief United States District Judge